**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DIANE A. WILSON and HARRY J. WILSON, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

WELLS FARGO ADVISORS, LLC, WELLS FARGO SECURITIES, LLC, WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, and WELLS FARGO DELAWARE TRUST COMPANY,

Defendants.

C.A. No. 1:11-cv-00511-SLR

**DEFENDANTS WELLS FARGO ADVISORS, LLC, WELLS FARGO SECURITIES, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Dated: July 1, 2011

REED SMITH LLP
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC*

OF COUNSEL:

REED SMITH LLP
Sarah R. Wolff
Michael S. Leib
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
swolff@reedsmith.com
mleib@reedsmith.com

REED SMITH LLP
David C. Powell
101 Second Street
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
dpowell@reedsmith.com

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES .......... ii

NATURE AND STAGE OF THE PROCEEDINGS .......... 1

SUMMARY OF ARGUMENT .......... 1

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 6

I. SLUSA PREEMPTS PLAINTIFFS' ACTION .......... 6

II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT III) AGAINST THE NON-TRUST DEFENDANTS .......... 7

A. Wachovia Securities Financial Network Was Not A Party To The Settlement Agreement And, Therefore, Could Not Have Breached The Agreement .......... 7

B. There Is No Allegation That Wachovia Securities Failed To Meet Its Obligations Under The SEC Settlement .......... 8

C. There Is No Allegation That Wachovia Capital Markets Failed To Meet The Terms Of Its Voluntary Agreement .......... 9

III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNTS I AND II) AGAINST THE NON-TRUST DEFENDANTS .......... 10

A. The Non-Trust Defendants Were Not Fiduciaries And, Therefore, Cannot Be Held Liable For Breach of Fiduciary Duty .......... 10

B. Because There Was No Obligation On Any Defendant To Buy Plaintiffs' ARS, There Can Be No Breach Of Fiduciary Duty .......... 10

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Page**

### Cases

*Barkes v. First Corr. Med.*,
2010 WL 1418347 (D. Del. Apr. 7, 2010) .......... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Del. N.A.*, 2011 WL 864421 (D. Del. Mar. 9, 2011) .......... 6

*Rabin v. JPMorgan Chase Bank, N.A.*,
2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) .......... 6

*Rowinski v. Salomon Smith Barney Inc.*,
398 F.3d 294 (3d Cir. 2005) .......... 6

*Wallace v. Wood*,
752 A.2d 1175 (Del. Ch. 1999) .......... 7

### Rules and Statutes

15 U.S.C. § 77p(b) .......... 1

15 U.S.C. § 78bb(f)(1) .......... 1

FED. R. CIV. P. 12(b)(6) .......... 6

## NATURE AND STAGE OF THE PROCEEDINGS

On May 5, 2011, Plaintiffs Diane A. Wilson and Harry J. Wilson ( "Plaintiffs") filed their "Class Action Complaint" in the Delaware Court of Chancery against Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, Wells Fargo Advisors Financial Network, LLC, and Wells Fargo Delaware Trust Company, LLC (collectively, "Defendants"). (D.I. 1, Ex. A.) The Complaint asserts three counts against Defendants, without making it clear which Defendants are included in which counts: (1) two counts alleging breach of fiduciary duty (Counts I and II); and (2) one count alleging breach of contract (Count III). (Compl. ¶¶ 102-119.)[1] On June 10, 2011, Defendants removed the matter to this Court. (D.I. 1). The parties then jointly stipulated that the time for Defendants to respond to the Complaint would be July 1, 2011. (D.I. 3.) Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC (collectively, the "Non-Trust Defendants") file concurrently herewith their motion to dismiss the Complaint. This is the Non-Trust Defendants' opening briefing in support thereof.

## SUMMARY OF ARGUMENT

1. For the reasons stated in Section I of Defendant Wells Fargo Delaware Trust Company's opening brief in support of its motion to dismiss, which the Non-Trust Defendants adopt and incorporate by reference herein, the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b), 78bb(f)(1), expressly precludes Plaintiffs from maintaining the state law class action it has attempted to plead and requires that the action be dismissed with prejudice.

[1] Citations to "Compl. ¶ _" are to the Class Action Complaint filed by Plaintiffs. (D.I. 1, Ex. A.)

2. Plaintiffs allege that Defendants breached an agreement Wachovia Securities, LLC ("Wachovia Securities") entered into with the Securities and Exchange Commission ("SEC") requiring Wachovia Securities (now Defendant Wells Fargo Advisors, LLC) to buy certain Auction Rate Securities ("ARS") from consumers and a voluntary agreement Wachovia Capital Markets, LLC ("Wachovia Capital Markets") (now Defendant Wells Fargo Securities, LLC) made to also buy certain ARS from consumers. Plaintiffs, however, have failed to state a claim for breach of contract. ***First***, Wachovia Securities Financial Network, LLC (now Defendant Wells Fargo Advisors Financial Network, LLC)[2] was not a party to any agreements to buy ARS and, therefore, cannot be held liable for breaching any agreements. ***Second***, under their agreements, Wachovia Securities and Wachovia Capital Markets only agreed to ***offer*** to purchase ARS that were purchased from Wachovia Securities and Wachovia Capital Markets into accounts maintained at Wachovia Securities and Wachovia Capital Markets. Because Plaintiffs (i) fail to plead that either Wachovia Securities or Wachovia Capital Markets did not ***offer*** to buy Plaintiffs' ARS, only pleading that they did not actually buy the ARS, and (ii) fail to plead that the ARS purchased by Plaintiffs were sold by Wachovia Securities or Wachovia Capital Markets, Plaintiffs have failed to state a claim. ***Third***, because Plaintiffs do not plead that the ARS were purchased into an account at either Wachovia Securities or Wachovia Capital Markets, instead pleading that the ARS went into an account held at another entity, neither Wachovia Securities nor Wachovia Capital Markets had an obligation to offer to purchase

[2] Plaintiffs only state that Wells Fargo Advisors Financial Network, LLC is successor to "Wachovia," without stating which Wachovia entity it succeeded. According to a filing with the Missouri Secretary of State's Office, Wells Fargo Advisors Financial Network, LLC is the successor to Wachovia Securities Financial Network, LLC. (*See* Ex. A hereto.) The Court can take judicial notice of this fact. *See Barkes v. First Corr. Med.*, 2010 WL 1418347, at *3 (D. Del. Apr. 7, 2010) (holding that the Court is "allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint whose authenticity is unquestioned….").

Plaintiffs' ARS and, as such, cannot be held liable for breach of contract. As a result, the breach of contract claim (Count I) must be dismissed with prejudice as to the Non-Trust Defendants.

3. Further, Plaintiffs have failed to state a claim for breach of fiduciary duty against the Non-Trust Defendants for two reasons. ***First***, because Plaintiffs do not allege that the Non-Trust Defendants acted in a fiduciary capacity towards Plaintiffs, the Non-Trust Defendants cannot have breached any fiduciary duties. ***Second***, because the basis for Plaintiffs' breach of fiduciary duty claims is Defendants' failure to purchase Plaintiffs' ARS, and because, as stated above, the Non-Trust Defendants had no obligation under any agreements to even offer to purchase Plaintiffs' ARS, the Non-Trust Defendants cannot be held liable for breach of fiduciary duties, even if such duties existed (which they did not). For these reasons, the breach of fiduciary duty claims (Counts I and II) must be dismissed with prejudice.

## STATEMENT OF FACTS[3]

Plaintiffs created a Delaware trust (the "Wilson Trust"), allegedly through either "Wachovia Bank" or "Delaware Trust Company, [N.A.]" (collectively referenced throughout the Complaint as "Wachovia Trust"), with the "Delaware Trust Company" being named as trustee. (Compl. ¶¶ 11-13, 75-76 (second)[4].) As trustee, the Delaware Trust Company had sole discretion in purchasing assets with trust property. (*Id.* ¶¶ 77-78 (second).) In 2005, the Delaware Trust Company, as trustee, purchased ARS to be held by the Wilson Trust. (*Id.* ¶ 79 (second).)

[3] The following facts are gleaned from the Complaint, the documents referred to in the Complaint, and facts over which the Court can take judicial notice. By presenting the facts as alleged in the Complaint, the Non-Trust Defendants are not admitting to the accuracy of these allegations.

[4] The Complaint has two different sets of Paragraphs 75-79. To differentiate between the Paragraphs, when referring to the first time one of these Paragraphs is used in the Complaint, the Non-Trusts Defendants will cite to the Paragraph number followed by "(first)", while adding "(second)" after the Paragraph number when referring to the second time one of these Paragraph numbers is used.

ARS are bonds or preferred stock issued by closed-end mutual funds that have interest rates or dividend yields that are periodically reset through auctions that are typically held every seven, fourteen, twenty-eight or thirty-five days. (Compl. ¶ 19.) ARS usually have maturities of thirty years, but can have maturities ranging from five years to perpetuity. (*Id.*)

The issuer of each ARS selects one or more broker-dealers to underwrite the ARS and manage the auction process. (Compl. ¶ 20.) ARS are auctioned at par and, before each auction, customers submit bids at the lowest interest rate or dividend they are willing to accept and such bids are submitted to the auction agent. (*Id.* ¶ 21.) The auction clears at the lowest interest or dividend rate that is sufficient to cover all of the securities that ARS holders put up for sale, and that rate applies to all of the securities purchased at that auction until the next auction. (*Id.*) If there are not enough bids to cover all of the securities that have been put up for sale, the auction fails and no one is able to sell their ARS at that auction. (*Id.*)

Prior to February 2008, the lead broker-dealers customarily placed "support" bids in the auction to ensure that the auctions cleared. (Compl. ¶ 23.) A "support" bid is a bid by the broker-dealer to purchase into the broker-dealer's own inventory the ARS that remained if there were not enough bids placed by customers to purchase all of the securities that were being sold in an auction. (*Id.*) Wachovia Securities and/or Wachovia Capital Markets underwrote and acted as sole or lead-broker dealers on approximately ninety-six ARS offerings and did place support bids. (*Id.* ¶¶ 1, 14, 15, 24, 25.)

In early February 2008, certain financial services companies that acted as broker-dealers decided to stop placing support bids in auctions and, in response, Wachovia Securities and/or Wachovia Capital Markets did the same. (Compl. ¶¶ 73-74.) The result was that, because there were not enough bids to cover the amount of ARS being sold at auctions, auctions failed. (*Id.*)

The ARS market then "completely seized, and Wachovia's customers were unable to liquidate" their ARS holdings. (*Id.* ¶ 75.)

The SEC filed a complaint against Wachovia Securities in the Northern District of Illinois alleging violation of the federal securities laws relating to its marketing of ARS. (Compl. ¶ 76 (first).) The parties reached a settlement whereby Wachovia Securities agreed to offer to buy certain ARS. (*Id.* ¶¶ 5, 77 (first), 79 (first).) Specifically, Wachovia Securities agreed to buy those ARS that: (i) have failed at auction since February 13, 2008; (ii) were purchased from Wachovia Securities; and (iii) were purchased into accounts maintained at Wachovia Securities. (Compl. ¶¶ 5, 79; Consent, Ex. B hereto, at ¶¶ 3.I and 3.II.) In addition, although not a party to the case, Wachovia Capital Markets voluntarily agreed to offer buy the ARS that: (i) have failed at auction since February 13, 2008; (ii) were purchased from Wachovia Capital Markets; and (iii) were purchased into Wachovia Capital Markets accounts. (Compl. ¶¶ 5-6, 78-79 (first); Ex. B ¶ 4.) The Court approved the settlement and entered Judgment. (Judgment, Ex. C hereto.)

Plaintiffs contend that Wachovia Trust never informed Plaintiffs that their trust held ARS, never informed them that Wachovia Securities and Wachovia Capital Markets agreed to buy ARS, never informed them that the ARS held by the Wilson Trust had lost all or most of its value, and continued to represent to them that the ARS held by the Wilson Trust retained their full value and liquidity. (Compl. ¶¶ 82-85.) Plaintiffs also contend that their ARS were not purchased pursuant to the settlement and remain in the Wilson Trust. (*Id.* ¶ 89.) Further, Plaintiffs contend that it was only after their assets were transferred in September 2010 to a different account maintained by "Wells Fargo" that these facts came to light. (*Id.* ¶ 92.)

Wachovia Securities is now Wells Fargo Advisors, LLC, Wachovia Capital Markets is now Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC is a successor to Wachovia Securities Financial Network, LLC. (Compl. ¶¶ 14-15; Ex. A hereto.)

## ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint sufficiently states a claim for purposes of Rule 12(b)(6) when the facts alleged "about the conduct of each defendant presents a plausible basis for relief—that is, something more than the mere possibility of legal misconduct." *See Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Del. N.A.*, 2011 WL 864421, at *3 (D. Del. Mar. 9, 2011). Thus, the "factual allegations must be enough to raise a right to relief above the speculative level," and a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## I. SLUSA PREEMPTS PLAINTIFFS' ACTION

A complaint is subject to dismissal under Rule 12(b)(6) if it alleges state law class action claims that are preempted by SLUSA. *See Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298-99 (3d Cir. 2005); *see also Rabin v. JPMorgan Chase Bank, N.A.*, 2007 WL 2295795, at *5-9 (N.D. Ill. Aug. 3, 2007) (dismissing complaint finding that SLUSA precluded class action complaint concerning mutual fund investments). For the reasons stated in Section A of Defendant Wells Fargo Delaware Trust Company's opening brief in support of its motion to dismiss, which is incorporated herein by reference, the Complaint alleges state law class action claims that are preempted by SLUSA and, thus, the Court should dismiss the Complaint.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT III) AGAINST THE NON-TRUST DEFENDANTS

In Count III, Plaintiffs allege that Defendants breached a settlement with the SEC "by not buying back the ARS held in Plaintiffs' trusts." (Compl. ¶ 118.) This Count should be dismissed as to each of the Non-Trust Defendants. ***First***, Wachovia Securities Financial Network is not alleged to have been a party to any agreement with the SEC or otherwise and, therefore, cannot be held liable for a breach of contract. ***Second***, Plaintiffs' Complaint does not allege that Wachovia Securities violated its agreement with the SEC or that Wachovia Capital Markets violated its "voluntary" agreement.

### A. Wachovia Securities Financial Network Was Not A Party To The Settlement Agreement And, Therefore, Could Not Have Breached The Agreement

In order to be held liable for breach of a contract, a defendant must be a party to the agreement. *See Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract.") The only Defendants, however, that Plaintiffs allege were parties to any agreements were Wachovia Securities and Wachovia Capital Markets. (*See* Compl ¶¶ 5-6, 77-79 (first).) Plaintiffs do not allege that Wachovia Securities Financial Network (now Wells Fargo Advisors Financial Network) was a party to any agreements. Moreover, the Consent and Judgment that memorializes Wachovia Securities' agreement with the SEC, as well as Wachovia Capital Markets' "voluntary" agreement, never mentions Wachovia Securities Financial Network. (*See* Exs. B and C hereto.) As such, Wells Fargo Advisors Financial Network, successor to Wachovia Securities Financial Network, should be dismissed <u>with</u> <u>prejudice</u> from Count III.

### B. There Is No Allegation That Wachovia Securities Failed To Meet Its Obligations Under The SEC Settlement

Under the settlement with the SEC, Wachovia Securities agreed to offer to buy certain ARS that were purchased from Wachovia Securities into accounts maintained at Wachovia Securities. (Compl. ¶¶ 77, 79; Consent, Ex. B hereto, at ¶¶ 3.I and 3.II.) The Complaint, however, does not allege any facts supporting its claim that Wachovia Securities violated its obligations. In fact, according to the Complaint, Wachovia Securities affirmatively ***did not*** violate its obligations.

***First***, the agreement with the SEC did not require Wachovia Securities to buy ARS; it only required Wachovia Securities to ***offer*** to buy certain ARS. The Complaint, however, contains ***no*** allegation that Wachovia Securities did not ***offer*** to buy the ARS contained in the Wilson Trust account. Instead, the Complaint merely states that "Wachovia Trust, and Wells Fargo did not buy back the ARS from the Wilson Trust." (Compl. ¶ 89.) Because Plaintiffs do not allege that Wachovia Securities failed to ***offer*** to purchase the securities, the Complaint fails to state that Wachovia Securities breached the SEC agreement.

***Second***, and perhaps more importantly, it is evident from the allegations in the Complaint that Wachovia Securities was not obligated to even offer to buy the ARS held by Plaintiffs. Under the Consent, Wachovia Securities' only obligation was to buy certain ARS (i) that were purchased "from Wachovia Securities" and (ii) that were purchased "into accounts maintained at Wachovia Securities." (Compl. ¶¶ 5, 79; Ex. A hereto, at ¶¶ 3.I.B and 3.II.) But the Complaint fails to make any allegation regarding the name of the broker-dealer that actually sold the ARS held by the Wilson Trust and, thus, there is no factual allegation pled that Plaintiffs' ARS were purchased from Wachovia Securities. (*See* Compl. ¶ 79 (stating merely that "Wachovia Trust as trustee purchased ARS to be held by the Wilson Trust" without alleging from whom the Wilson

Trust purchased the ARS); *id.* ¶ 7 (stating that Wachovia Trust purchased ARS from Wachovia Securities without stating that it purchased the specific ARS held in the Wilson Trust from Wachovia Securities).) Moreover, Plaintiffs allege their securities were purchased into an account maintained by Wachovia Trust, ***not*** by Wachovia Securities. (Compl. ¶ 79 ("Wachovia Trust as trustee purchased ARS ***to be held by the Wilson Trust***" (emphasis added); *id.* ¶ 75 ("Plaintiffs . . . created a trust through ***Wachovia Trust***" (emphasis added).) Because Plaintiffs' ARS were not purchased "into accounts maintained at Wachovia Securities," (Compl. ¶ 5; Ex. B hereto, at ¶¶ 3.I.B and 3.II), under the SEC settlement, Wachovia Securities had no obligation to offer to purchase the securities held in the Wilson Trust account and, thus, cannot be held liable for breach of contract. Count III should be dismissed with prejudice as to Wells Fargo Advisors, successor to Wachovia Securities.

### C. There Is No Allegation That Wachovia Capital Markets Failed To Meet The Terms Of Its Voluntary Agreement

Wachovia Capital Markets' voluntary agreement, which was referred to in the Consent, mirrored that of Wachovia Securities, except that the voluntary agreement was to offer to buy certain ARS that were purchased from Wachovia Capital Markets and that were purchased into Wachovia Capital Markets accounts. (Compl. ¶ 5-6; Ex. B ¶ 4.) For the same reasons stated in Section II.B above, namely that Plaintiffs (i) have not alleged that Wachovia Capital Markets failed to ***offer*** to buy Plaintiffs' ARS, (ii) have not pled the name of the broker-dealer that actually sold the ARS held in the Wilson Trust and, thus, have not pled that the ARS in question were purchased from Wachovia Capital Markets, and (iii) affirmatively pled that the ARS were purchased into an account maintained by Wachovia Trust, ***not*** Wachovia Capital Markets, Count III should be dismissed with prejudice as to Wells Fargo Securities, successor to Wachovia Capital Markets.

## III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNTS I AND II) AGAINST THE NON-TRUST DEFENDANTS

In Counts I and II, Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs because "Wachovia Trust/Wells Fargo" failed to buy ARS held in the Wilson Trust as per the SEC settlement (although it is unclear which Defendants are included in these Counts). (Compl. ¶¶ 102-113). These Counts should be dismissed for several reasons. ***First***, none of the Non-Trust Defendants are alleged to have had fiduciary duties as to the Wilsons and, thus, cannot be held liable for breach of fiduciary duty. ***Second***, for the reasons stated in Section II above, the Complaint does not include any allegations reflecting that the Non-Trust Defendants had any obligation to purchase Plaintiffs' ARS and, thus, they could not have breached any fiduciary duties that existed.

### A. The Non-Trust Defendants Were Not Fiduciaries And, Therefore, Cannot Be Held Liable For Breach of Fiduciary Duty

In Counts I and II, Plaintiffs allege breaches of fiduciary duty against "Wachovia Trust/Wells Fargo." (Compl. ¶¶ 102-119.) While Plaintiffs do not make it clear exactly which Defendants are being sued in Counts I and II, only "Delaware Trust Company" is alleged to have acted as the trustee of the Wilson Trust. (*Id.* ¶¶ 77-78.) Nowhere in the Complaint is Wells Fargo Advisors (successor to Wachovia Securities), Wells Fargo Securities (successor to Wachovia Capital Markets), or Wells Fargo Advisors Financial Network (successor to Wachovia Securities Financial Network) alleged to have been in a fiduciary relationship with Plaintiffs. As such, the Non-Trust Defendants must be dismissed with prejudice from Counts I and II.

### B. Because There Was No Obligation On Any Defendant To Buy Plaintiffs' ARS, There Can Be No Breach Of Fiduciary Duty

The basis for Plaintiffs' breach of fiduciary duty claims is that "Wachovia Trust/Wells Fargo" failed to buy ARS held in the Wilson Trust as per the SEC settlement. (Compl. ¶¶ 102-

113). But as stated in Section II above, Wachovia Securities Financial Network (now Wells Fargo Advisors Financial Network) was not a party to any agreements with the SEC and, more importantly, Plaintiffs do not allege sufficient facts to show that Wachovia Securities failed to comply with the SEC settlement or that Wachovia Capital Markets failed to comply with its voluntary agreement. (*See* Section II above.) In fact, Wachovia Securities and Wachovia Capital Markets' only obligation under their agreements was to offer to buy certain ARS that were purchased from Wachovia Securities and Wachovia Capital Markets into Wachovia Securities and Wachovia Capital Market accounts. But not only do Plaintiffs fail to allege that either Wachovia Securities or Wachovia Capital Markets failed to ***offer*** to buy Plaintiffs' ARS, but Plaintiffs fail to allege that the ARS in question were purchased from Wachovia Securities or Wachovia Capital Markets. Moreover, Plaintiffs affirmatively plead that Plaintiffs' ARS were purchased into an account with Wachovia Trust, ***not*** with Wachovia Securities or Wachovia Capital Markets. Therefore, under the terms of their agreements, neither Wachovia Securities nor Wachovia Capital Markets had an obligation to even offer to buy Plaintiffs' ARS.

Because the facts alleged do not show any requirement for any of the Non-Trust Defendants to buy Plaintiffs' ARS, they could not have breached any fiduciary duties to buy the ARS to the extent such duties existed (which they did not). As such, the Non-Trust Defendants should be dismissed with prejudice from Counts I and II.

## CONCLUSION

For the reasons stated above, the Non-Trusts Defendants respectfully request that the Court dismiss all claims against them with prejudice.

Dated: July 1, 2011

REED SMITH LLP

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Fax: (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC*

OF COUNSEL:

REED SMITH LLP
Sarah R. Wolff
Michael S. Leib
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
swolff@reedsmith.com
mleib@reedsmith.com

REED SMITH LLP
David C. Powell
101 Second Street
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
dpowell@reedsmith.com