**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DIANE A. WILSON and )
HARRY J. WILSON, On Behalf )
of Themselves and All Others Similarly )
Situated, )
      )
           Plaintiffs, )
      )
        v. )           C.A. No. 1:11-cv-00511-SLR
      )
WELLS FARGO ADVISORS, LLC, )
WELLS FARGO SECURITIES, LLC, )
WELLS FARGO ADVISORS )
FINANCIAL NETWORK, LLC, and )
WELLS FARGO DELAWARE TRUST )
COMPANY, )
      )
           Defendants. )

**DEFENDANT WELLS FARGO DELAWARE TRUST COMPANY'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' VERIFIED COMPLAINT**

Dated: July 1, 2011

REED SMITH LLP
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendant Wells Fargo
Delaware Trust Co., N.A.*

OF COUNSEL:

REED SMITH LLP
Mary J. Hackett
Sharon L. Rusnak
David J. Bird
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
mhackett@reedsmith.com
srusnak@reedsmith.com
dbird@reedsmith.com

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.  SUMMARY OF ARGUMENT ................................................................................1

III. STATEMENT OF FACTS ......................................................................3

IV.  ARGUMENT ..........................................................................................................6

    A.   SLUSA Preempts Plaintiffs' Action. ........................................................6

        1.   Plaintiffs' Allegations Involve A "Covered Class Action" Based On State Law And Involve The Purchase And Sale Of A "Covered Security." ....................................................................................8

        2.   Plaintiffs' Complaint Alleges Misstatements And Omissions Of Material Facts And Deceptive And Manipulative Conduct By Defendant "In Connection" With The Purchase And Sale Of Mutual Fund Shares. ....................................................................9

    B.   Additional Grounds Exist For Dismissal Of Each Of Plaintiffs' Causes Of Action As To Defendant Wells Fargo Delaware Trust Company. .........................15

        1.   Plaintiffs Fail To State A Claim For Breach Of A Settlement Agreement Against Defendant Wells Fargo Delaware Trust Company. ....................................................................................15

        2.   Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duties Against Defendant Wells Fargo Delaware Trust Company. .....................17

V.   CONCLUSION ..............................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Behlen v. Merrill Lynch,*
    311 F.3d 1087 (11th Cir. 2002) ................................................................................ 11

*Brown v. Calamos,*
    No. 10-C-6558, ___ F.Supp. 2d ____, 2011 WL 1414168 (N.D. Ill. Mar. 14, 2011) ............... 8, 12

*Burke v. 401 N. Wabash Venture, LLC,*
    No. 08 CV 5330, 2010 WL 2330334 (N.D. Ill. June 9, 2010)....................................... 16

*Daniels v. Morgan Asset Management, Inc.,*
    743 F.Supp. 2d 730 (W.D. Tenn. 2010).......................................................... 6, 9, 12

*Dommert v. Raymond James Fin. Servs., Inc.,*
    No. 1:06-cv-102, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) ................................ 12

*In re Citigroup Auction Rate Sec. Litig.,*
    700 F. Supp. 2d 294 (S.D. N.Y. 2009)........................................................ 8, 13

*In re Edward Jones Holders Litigation,*
    453 F.Supp.2d 1210 (C.D. Cal. 2006) ......................................................... 12

*In re Salomon Smith Barney Mutual Fund Fees Litig.,*
    441 F.Supp 2d 579 (S.D. N.Y. 2006)........................................................... 12

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
    199 F. Supp. 2d 993 (C.D. Cal. 2002) .......................................................... 9

*Kircher v. Putnam Funds Trust,*
    403 F. 3d 478 (7th Cir. 2005), *vacated and remanded with instructions on other
    grounds,* 547 U.S. 633 (2006)................................................................. 9, 11

*Kutten v. Bank of America, N.A.,*
    No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo. Aug. 29, 2007), *aff'd,* 530 F.3d 669
    (8th Cir. 2008)........................................................................... 12, 13, 14

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,*
    547 U.S. 71 (2006).................................................................... 10, 11, 14

*Miller v. Nationwide Life Ins. Co.,,*
    391 F.3d 698 (5th Cir. 2004) ................................................................... 7

*Millett v. True Link, Inc.,*
    533 F.Supp. 2d 479 (D. Del. 2008)............................................................. 15

*Rabin v. JPMorgan Chase Bank, N.A.,*
    No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) .............................. 6, 12, 14

*Rowinski v. Salomon Smith Barney, Inc.,*
    398 F.3d 294 (3d Cir. 2005).............................................................. 6, 13, 14

*SEC v. Zandford,*
    535 U.S. 813 (2002)......................................................................... 11

*Segal v. Fifth Third Bank, N.A.*,
  No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008), *aff'd*, 581 F.2d 305
  (6th Cir. 2009)...........................................................................................................6, 7, 12

*Siepel v. Bank of America, N.A.*,
  239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008) ..............................12, 13

*Spencer v. Wachovia Bank, N.A.*,
  No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006).........................................................12

*Stoody-Broser v. Bank of America, N.A.*,
  No. 08-02705, 2009 WL 2707393 (N.D. Cal. Aug. 25, 2009),
  *aff'd in part, rev'd in part*, 2011 WL 2181364 (9th Cir. Jun. 6, 2011) ...........................................12

*Wells Fargo Bank, N.A. v. Superior Court (Richtenburg)*,
  159 Cal. App. 4th 381 (2008) ........................................................................................................12

*Wallace v. Wood*,
  752 A.2d 1175 (Del. Ch. 1999) ......................................................................................................16

*Wolff v. Rare Medium, Inc.*,
  210 F. Supp. 2d 490 (S.D. N.Y. 2002), *aff'd*, 65 Fed. App'x 736 (2d Cir. 2003) .........................16

**<u>Statutes and Regulations</u>**

15 U.S.C. § 77p (b) .......................................................................................................................2, 7, 8

15 U.S.C. § 77p (f)(2) ..........................................................................................................................8

15 U.S.C. § 77p (f)(3) ..........................................................................................................................8

15 U.S.C. § 77r (b)(1) and (2) ..............................................................................................................8

15 U.S.C. § 78j (b) .............................................................................................................................11

15 U.S.C. § 78bb (f)(1) ...................................................................................................................2, 8

15 U.S.C. § 78bb (f)(5)(B) ...................................................................................................................8

15 U.S.C. § 78bb (f)(5)(E) ...................................................................................................................8

15 U.S.C. § 80a-8(b) ............................................................................................................................8

SEC Rule 10b-5, 17 C.F.R. §240.10b-5 .............................................................................................11

**<u>Rules</u>**

Federal Rule of Civil Procedure 12 (b)(6) ...........................................................................................6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On May 5, 2011, Plaintiffs Diane A. Wilson and Harry J. Wilson ("Plaintiffs'), on behalf

of themselves and all others similarly situated, filed a Verified Class Action Complaint in the

Delaware Court of Chancery (the "Complaint").  D.I. 1, Ex. A.  The Complaint asserts three

counts against Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, Wells

Fargo Advisors Financial Network, LLC, and Wells Fargo Delaware Trust Company

(collectively, "Defendants").  Compl. ¶¶ 102-119.[1]  The three counts are for breach of fiduciary

duty (Counts I and II) and breach of an SEC settlement agreement (Count III).  *Id.*

This action was removed to this Court on June 10, 2011.  D.I. 1.  The parties then

stipulated that the time for Defendants to answer, move to dismiss, or otherwise respond to the

Complaint would be July 1, 2011.  D.I. 3.  Wells Fargo Delaware Trust Company files

concurrently herewith its motion to dismiss the Complaint.  This is its opening brief in support

thereof.

## II.    SUMMARY OF ARGUMENT

1.    Plaintiffs' Complaint follows a well worn path.  Like many unsuccessful cases

before this one, Plaintiffs' Complaint asserts putative state-law class action claims for damages

based on the alleged investment of trust assets in securities, including shares of mutual funds.

Plaintiffs allege that the Defendants' predecessors-in-interest and Defendant Wells Fargo

Delaware Trust Company failed to disclose material information about the nature and risks of

auction rate securities ("ARS"), failed to inform Plaintiffs about a buy-back opportunity for

certain ARS sold by Wachovia Securities, LLC and Wachovia Capital Markets, LLC, and

---

[1]    Citations to "Compl. ¶_" are to the Complaint.  (D.I. 1, Ex. A.)

misrepresented the value of the ARS.

2.      Although framed as a class action asserting state law claims, the substance of Plaintiffs' allegations is that the Defendants made misrepresentations and omissions of material facts and engaged in deceptive and manipulative conduct in connection with the investment of trust assets in various securities, including mutual fund shares. However, as many courts have held, the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b), 78bb(f)(1), expressly precludes Plaintiffs from maintaining such a state law class action and requires that the action be dismissed.

3.      In addition to SLUSA, there are other, independent grounds for the dismissal of each of Plaintiffs' claims against Wells Fargo Delaware Trust Company. First, insofar as Plaintiffs' Complaint may be read to assert a claim against Wells Fargo Delaware Trust Company for breach of a settlement agreement between the Securities and Exchange Commission ("SEC") and Wachovia Securities and a voluntary agreement Wachovia Capital Markets made to buy back certain ARS, Plaintiffs do not and cannot allege any facts showing that (1) Wells Fargo Delaware Trust Company is a party to any agreement; (2) the terms of the agreements required any party to buy back the ARS in Plaintiffs' trust; and (3) the Plaintiffs are entitled to sue as third-party beneficiaries of the agreements. Likewise, although Plaintiffs assert breach of fiduciary duties claims against Wells Fargo Delaware Trust Company for its predecessors' alleged failure to participate in the Wachovia Securities and Wachovia Capital Markets ARS buy-back offers, Plaintiffs do not and cannot allege any facts that show that the ARS in Plaintiffs' trust account were sold by Wachovia Securities or Wachovia Capital Markets and thus eligible for a buy-back pursuant to the Wachovia Securities and Wachovia Capital Markets agreements. From any perspective, Plaintiffs' action must be dismissed.

### III.   **STATEMENT OF FACTS**[2]

Plaintiffs are settlors and beneficiaries of the "Diane A. Wilson Irrevocable Delaware

Trust I" (the "Wilson Trust"), a Delaware trust allegedly created through either "Wachovia

Bank" or "Delaware Trust Company, [N.A.]" (collectively referenced throughout the Complaint

as "Wachovia Trust") with the "Delaware Trust Company" named as trustee.  Compl. ¶¶ 7, 75-

76 (second)[3].

As trustee, the Delaware Trust Company had sole discretion in investing the assets of the

Wilson Trust and allegedly invested unspecified trust assets in certain auction rate securities

("ARS").  *See id.* ¶¶ 78-79 (second).  ARS are either "bonds issued by municipalities, student

loan entities, and corporations, or preferred stock issued by closed-end mutual funds, with

interest rates or dividend yields that are periodically reset through [Dutch auctions]." *Id.* ¶¶ 19-

22 (describing ARS and the Dutch auction process conducted by broker-dealers).

Notably absent from the Complaint is the identity of the broker-dealer who sold ARS to

the Delaware Trust Company for the Wilson Trust.  In particular, there are no allegations that the

ARS for the Wilson Trust were sold by either Wachovia Securities, LLC or Wachovia Capital

Markets, LLC (collectively referenced in the Complaint simply as "Wachovia").  *See id.* ¶¶ 1,

18.  The absence of any factual allegation connecting the ARS allegedly purchased by Delaware

Trust Company for the Wilson Trust to Wachovia Securities or Wachovia Capital Markets is

---

[2]      Although presenting Plaintiffs' allegations in the Statement of Fact section for purposes
of Defendants' Motion to Dismiss, Defendants are not admitting to the accuracy of the
allegations.

[3]      The Complaint has two different sets of Paragraphs 75-79.  To differentiate between the
Paragraphs, when referring to the first time one of these Paragraphs is used in the Complaint,
Wells Fargo Delaware Trust Company will cite to the Paragraph number followed by "(first)",
while adding "(second)" after the Paragraph number when referring to the second time one of
these Paragraph numbers is used.

telling because the *majority* of the Complaint is devoted to allegations about these entities –

including allegations about their purported statements, omissions, and conduct in selling certain

ARS and allegations about agreements they made with the SEC requiring these entities to

repurchase certain ARS they sold. *See, e.g., id.* ¶¶ 1-4, 6, 23, 28-72, 76-79 (first).

In particular, Plaintiffs allege that Wachovia Securities and Wachovia Capital Markets:

- "misled [their] customers about the fundamental nature and increasing risks associated with [ARS], that [Wachovia Securities and Wachovia Capital Markets] underwrote, marketed, and sold;" Compl. ¶ 1

- "misrepresented to [their] customers that ARS were safe, highly liquid investments comparable to cash or money market instruments." *Id.*; *see also* Compl. ¶¶ 28-39, 68, 71-72 (same);

- "reinforced the perception of liquidity by committing [their] own capital to support ARS auctions for which [they] served as sole or lead broker-dealer to ensure that those auctions did not fail" but did not "adequately disclose that: (1) auctions could fail, rendering customers' ARS holdings illiquid, [and] (2) an auction's success may depend on a broker-dealer such as [Wachovia Securities and Wachovia Capital Markets], placing support bids in an auction." Compl. ¶ 2; *see also* Compl. ¶¶ 23, 51-54 (same).

- attempted to provide liquidity for the ARS market until at least February 2008, when they allegedly "followed the lead of other broker-dealers and stopped supporting [ARS Dutch auctions with their own bids and capital]." Compl. ¶¶3-4; *see also* Compl. ¶¶ 73-75 (same). As a result, customers "were unable to liquidate" their ARS holdings. Compl. ¶ 75; *see also* Compl. ¶ 6 (same).

According to the Complaint, following a disruption in ARS auctions, Wachovia

Securities entered into a settlement agreement with the SEC and voluntarily agreed to "buy

back" ARS and provide several billions of dollars in liquidity to customers who purchased

certain ARS from Wachovia Securities.  Wachovia Capital Markets also made a voluntary

agreement to buy back certain ARS.  Compl. ¶¶ 5-6, 76-79 (first).  The Complaint makes it clear

that these agreements were made only by Wachovia Securities and Wachovia Capital Markets,

and provided a buy-back *only* for certain ARS sold by Wachovia Securities or Wachovia Capital

Markets. *Id.*

The allegations concerning Delaware Trust Company and its alleged successor-in-interest Wells Fargo Delaware Trust Company are more limited. While Plaintiffs allege generally that the Delaware Trust Company purchased ARS for *some* trusts from Wachovia Securities or Wachovia Capital Markets, importantly, there are *no* allegations that it purchased ARS *for the Wilson Trust* from those entities. Compl. ¶ 7.

Ignoring this missing, but vital link in the Complaint, Plaintiffs claim that Delaware Trust Company: (1) failed to "notify" Plaintiffs of the settlement involving Wachovia Securities and voluntary agreement of Wachovia Capital Markets; (2) failed to "inform" Plaintiffs that Wachovia Securities and Wachovia Capital Markets had agreed to "buy back" certain ARS those two entities had sold to their customers; and (3) failed to "participate in the [Wachovia Securities/Wachovia Capital Markets] buy-back in its role as trustee" or "cause" certain ARS to be bought back by Wachovia Securities or Wachovia Capital Markets. Compl. ¶¶ 8, 10, 83-85, 104.

Moreover, Plaintiffs claim that the Delaware Trust Company "never informed" them that "the Wilson Trust held ARS" or that "the ARS held by the Wilson Trust had lost all or most of their [market] value." Compl. ¶¶ 82, 84. Rather, Delaware Trust Company allegedly misrepresented that "the ARS held by the Wilson Trust retained their full value and liquidity." *See, e.g.*, Compl. ¶¶ 9, 10, 81, 85, 90-93. Wells Fargo Delaware Trust Company, as successor to Delaware Trust Company, purportedly continued to "actively conceal[] the true value of the ARS held by the Wilson Trust." *Id.* at ¶ 93.

In addition to the missing link regarding the ARS sold to the Wilson Trust, the Complaint has no allegations to support a claim against Delaware Trust Company for breach of the

settlement agreement between the SEC and Wachovia Securities or Wachovia Capital Markets'

voluntary agreement.  Put simply, there are *no* allegations that Delaware Trust Company was a

party to *any* agreement.  To the contrary, the Complaint alleges that *only* Wachovia Securities

and Wachovia Capital Markets agreed to offer to buy back certain ARS which they had sold.

Compl. ¶¶ 5-6, 76-79 (first).

## IV.   ARGUMENT

### A.   SLUSA Preempts Plaintiffs' Action.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if

it fails to state a claim upon which relief can be granted.  As is relevant here, a complaint is

subject to dismissal under Rule 12(b)(6) if it alleges state law class action claims that are

preempted by SLUSA.  *See, e.g., Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298-99

(3d Cir. 2005); *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-C-5452, 2007 WL 2295795, at *5-

9 (N.D. Ill. Aug. 3, 2007) (SLUSA precluded class action complaint concerning mutual fund

investments; complaint dismissed).

More particularly, when a motion to dismiss invokes SLUSA, a court must scrutinize the

complaint closely and reject attempts to "plead around" SLUSA by artfully asserting non-fraud

state law claims.  *See, e.g., Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290,

at *5 (S.D. Ohio Mar. 25, 2008) (finding that "Plaintiffs' allegations that [defendant] breached its

fiduciary duty, or was unjustly enriched as a result of the investments in [defendant's] mutual

funds, does not protect their class claims from SLUSA."), *aff'd*, 581 F.3d 305 (6th Cir. 2009);

*Rabin*, 2007 WL 2295795, at *5 (dismissing breach of fiduciary duty and unjust enrichment

claims because they were preempted by SLUSA); *Daniels v. Morgan Asset Management, Inc.*,

743 F. Supp.2d.730 (W.D. Tenn. 2010) (holding state law claims barred by SLUSA).

As this authority confirms, SLUSA compels the dismissal of any class action complaint

that satisfies its statutory requirements.  SLUSA's preclusive effect does not turn on the label

attached to a particular state law cause of action or the specific elements of a particular state law

cause of action.  Thus, courts repeatedly have held that SLUSA preempts state law class action

claims for breach of contract, breach of fiduciary duties, and unjust enrichment.  *See, e.g., Segal*,

2008 WL 819290, at *3-4, *aff'd*, 581 F.3d at 308; *Miller v. Nationwide Life Ins. Co.*, 391 F.3d

698, 702 (5th Cir. 2004) (affirming dismissal of state law class claims for breach of contract

based on SLUSA).

      SLUSA compels the dismissal of certain covered class actions based on state law

involving misrepresentations, omissions, or deceptive or manipulative conduct in connection

with the purchase or sale of covered securities.  SLUSA's preemption provision states:

> No covered class action based upon the statutory or common law of any
> State or subdivision thereof may be maintained in any State or Federal
> court by any private party alleging—
>
> (1)    an untrue statement or omission of a material fact in connection
>        with the purchase or sale of a covered security; or
>
> (2)    that the defendant used or employed any manipulative or deceptive
>        device or contrivance in connection with the purchase or sale of a
>        covered security.

15 U.S.C. § 77p(b) (same).  Thus, with limited exceptions not relevant here, SLUSA requires

that a court dismiss any class action that:

> (1) is a "covered class action;" (2) asserts a claim based on state law; (3)
> involves a "covered security;" and (4) alleges that the defendant
> misrepresented or omitted a material fact or employed any deceptive or
> manipulative device or contrivance "in connection with the purchase or
> sale of a covered security."

*See Segal*, 581 F.3d at 309.  In this case, as in many cases before it, Plaintiffs' allegations satisfy

each of these statutory requirements and require the dismissal of Plaintiffs' Complaint.[4]

**1.    Plaintiffs' Allegations Involve A "Covered Class Action" Based On State Law And Involve The Purchase And Sale Of A "Covered Security."**

SLUSA's first three requirements are satisfied here. First, Plaintiffs' Complaint pleads a "covered class action"—*i.e.*, an action that seeks damages "on behalf of more than 50 persons or prospective class members." *See* 15 U.S.C. §§ 77p(f)(2), 78bb(f)(5)(B); Compl. ¶ 96 (putative class), Prayer for Relief ¶ a. Second, Plaintiffs' Complaint pleads class action claims that are "based upon" state law. *See* 15 U.S.C. §§ 77p(b), 78bb(f)(1); Compl. ¶¶ 102-119 (Counts I-III). Third, Plaintiffs' Complaint pleads class action claims that involve "covered securities" under SLUSA. Specifically, Plaintiffs allege that ARS include "preferred stock issued by closed-end mutual funds, with ... dividend yields that are periodically reset through [Dutch auctions]," and they seek to assert claims on behalf of a putative class with trust assets invested in any type of ARS, including preferred stock issued by closed-end mutual funds. *See* Compl. ¶¶ 19, 95-96. Preferred stock issued by closed-end mutual funds satisfies SLUSA's definition of a "covered security" because closed-end mutual funds are registered investment companies under the Investment Company Act of 1940, 15 U.S.C. § 80a-8(b). *See* 15 U.S.C. §§ 77p(f)(3), 78bb(f)(5)(E), 77r(b)(1) and (2) (covered securities include securities issued by federally registered mutual fund investment companies); *see also Brown v. Calamos*, No. 10-C-6558, --- F. Supp. 2d ----, 2011 WL 1414168, at *3-4 (N.D. Ill. Mar. 14, 2011) (dismissing state-law class claims for breach of fiduciary duties following the buy-back of ARS that were preferred shares of closed-end mutual funds); *In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 309

---

[4]    This argument for dismissal pursuant to SLUSA applies to all Defendants. Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC are separately moving to dismiss Plaintiffs' Complaint.

(S.D.N.Y. 2009) (dismissing state-law class claims for breach of fiduciary duties asserted on behalf of purchasers of any covered securities).[5]

> ### 2. Plaintiffs' Complaint Alleges Misstatements And Omissions Of Material Facts And Deceptive And Manipulative Conduct By Defendant "In Connection" With The Purchase And Sale Of Mutual Fund Shares.

Plaintiffs' Complaint also satisfies SLUSA's fourth requirement—allegations of misrepresentations or omissions of a material fact or deception or manipulation in connection with the purchase or sale of a covered security. As previously noted, the Complaint alleges that Wachovia Securities and Wachovia Capital Markets:

- "misled [their] customers about the fundamental nature and increasing risks associated with [ARS], that [Wachovia Securities and Wachovia Capital Markets] underwrote, marketed, and sold," Compl. ¶ 1;

- "misrepresented to [their] customers that ARS were safe, highly liquid investments comparable to cash or money market instruments," *Id.; see also id* ¶¶ 28-39, 68, 71-72;

- "reinforced the perception of liquidity by committing [their] own capital to support ARS auctions for which [they] served as sole or lead broker-dealer to ensure that those auctions did not fail," *Id.* ¶¶ 2, 23, 51-54;

- did not "adequately disclose that: (1) auctions could fail, rendering customers' ARS holdings illiquid, [and] (2) an auction's success may depend on a broker-dealer such as [Wachovia Securities and Wachovia Capital Markets], placing support bids in an auction," *Id.*;

---

[5]     *See, e.g., Kircher v. Putnam Funds Trust*, 403 F.3d 478, 481 (7th Cir. 2005) (investments in mutual funds are "covered securities"), *vacated and remanded with instructions on other grounds*, 547 U.S. 633 (2006); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 999-1000 (C.D. Cal. 2002) (shares of money market mutual funds are covered securities for purposes of SLUSA); *Daniels*, 743 F.Supp.2d at 737-38 & 742-43 (same in case involving custodial accounts and trust accounts invested in shares of mutual funds); *see also* cases cited *infra* n.6 (applying SLUSA to state-law class action complaints respecting investments in mutual funds).

- "continued to market ARS to [their] customers as highly liquid investments" even after they allegedly "became aware of mounting evidence" that investors no longer could "rely on the historical stability of the ARS market" *Id.* ¶¶ 3, 42-47.

The Complaint also alleges that the Delaware Trust Company:

- "never informed" Plaintiffs that "the Wilson Trust held ARS" or that "the ARS held by the Wilson Trust had lost all or most of their [market] value," following the global liquidity and credit crisis and the disruption of ARS auctions in February 2009, Compl. ¶¶ 82, 84;

- failed to "notify" Plaintiffs of the agreements involving Wachovia Securities and Wachovia Capital Markets, *Id.* ¶¶ 8, 10, 83-85, 104;

- failed to "inform" Plaintiffs that Wachovia Securities and Wachovia Capital Markets had agreed to "buy back" certain ARS; and "participate in the [Wachovia Securities/Wachovia Capital Markets] buy back in their role as trustee," *Id.*;

- continued to "represent to [Plaintiffs] that the ARS held by the Wilson Trust retained their full value and liquidity," *Id.* at ¶ 85.

The Complaint further alleges that Defendant Wells Fargo Delaware Trust Company has continued to "actively conceal[] the true value of ARS held by the Wilson Trust." *Id.* at ¶ 93.

These allegations are expressly incorporated into each of Plaintiffs' state law class action claims, and they cannot be ignored, minimized, or recast as inadvertent or ancillary to Plaintiffs' state law class action. Compl. ¶¶ 102, 108, 114. To the contrary, a fair reading of the Complaint shows that the gravamen of Plaintiffs' claims involve misstatements, omissions, and alleged deceptive and manipulative conduct in connection with mutual fund transactions. *Id.; see also id.* ¶¶ 1-4, 6, 23, 28-72, 76-79 (first).

Controlling authority from the U.S. Supreme Court and other federal Courts of Appeals make clear that Plaintiffs' express allegations can and should be read to satisfy SLUSA's "in connection with" requirement. In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S.

71, 79-81, 85-89 (2006), the Supreme Court addressed the scope of SLUSA's "in connection with" requirement, and held that the requirement should receive the same "broad construction" given to the "in connection with" language of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. Furthermore, the Supreme Court explained that this broad construction extended "flexibly" to prohibit any deceptive practices "touching" the purchase or sale of a security—"whether by the plaintiff or by someone else." *Id.* (agreeing with the SEC's long-standing construction of the requirement).

*Dabit* expressly rejected a narrow reading of "in connection with" that would have limited SLUSA's scope only to those particular cases where a private party would have standing to assert an implied private right of action for securities fraud under Section 10(b) and Rule 10b-5 of the Exchange Act. *Id.* at 85-89 (following *SEC v. Zandford*, 535 U.S. 813 (2002), and holding that the proper application of SLUSA's "in connection with" requirement does not turn on whether a plaintiff made an investment decision to purchase, sell, or hold a covered security in reliance on any misrepresentation, omission or deceptive or manipulative conduct) (citing *Kircher v. Putnam Funds Trust*, 403 F.3d at 484, with approval on this point).

In keeping with the statute's plain language, Congress's purpose, and the Supreme Court's holding in *Dabit*, numerous federal courts have reviewed state law class action complaints substantially similar to Plaintiffs' allegations that defendants (1) "steered" or "funneled" assets into certain mutual funds, (2) failed to disclose material information regarding conflicts of interest, fees, and remuneration received in connection with the mutual fund investments, and (3) were liable for breach of contract, breach of fiduciary duties, unjust enrichment, and other common law and statutory claims. In each case, the court had no difficulty in concluding that the state law class action complaint satisfied SLUSA's "in

connection with" requirement and had to be dismissed.[6]

Mostly recently, in *Brown v. Calamos*, --- F. Supp. 2d ----, 2011 WL 1414168, at *1-3,

the U.S. District Court for the Northern District of Illinois dismissed a putative state-law class

action concerning the buy-back of ARS preferred shares of a mutual fund. In *Brown*, the

plaintiffs alleged that the fund, its Board of Trustees, the fund's investment advisor, and other

defendants breached their fiduciary duties to the fund's common shareholders by causing the

fund to redeem (or buy back) ARS preferred shares of the fund. The court had no difficulty

recognizing that SLUSA applied to the alleged state-law class action because the complaint

included allegations that defendants misstated and omitted material information about the nature

and risks of ARS, including the risks of auction failures. *Id.* at *2-3. The court further found

SLUSA triggered by express and implicit allegations that defendants' fee-income and other

---

[6]      *See Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir. 2002) (defendants allegedly
deceived plaintiff about investments in mutual fund shares subject to high fees and commissions);
*Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006)
(defendant allegedly "forced" the investment of trust assets in shares of affiliated mutual funds
and collected undisclosed advisory and management fees); *In re Salomon Smith Barney Mut.
Fund Fees Litig.*, 441 F. Supp. 2d 579 (S.D.N.Y. 2006) (defendants allegedly "steered" plaintiffs
into certain mutual funds in exchange for undisclosed kickbacks); *In re Edward Jones Holders
Litigation*, 453 F.Supp.2d 1210 (C.D. Cal. 2006) (similar to *Salomon Smith Barney*); *Siepel v.
Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006) (similar to *Spencer*; defendant allegedly
invested trust assets in shares of affiliated mutual funds, collected high advisory and management
fees and failed to disclose material information to trust beneficiaries), *aff'd*, 526 F.3d 1122 (8th
Cir. 2008); *Dommert v. Raymond James Fin. Servs., Inc.*, No. 1:06-cv-102, 2007 WL 1018234, at
*7-9 (E.D. Tex. Mar. 29, 2007) (defendants allegedly failed to disclose conflicts of interest and
excessive fees); *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-C-5452, 2007 WL 2295795 (N.D.
Ill. Aug. 3, 2007) (similar to *Spencer* and *Siepel*); *Kutten v. Bank of America, N.A.*, No. 06-cv-
0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007) (similar to *Spencer*), *aff'd*, 530 F.3d 669 (8th
Cir. 2008); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio
Mar. 25, 2008) (similar to *Spencer, Siepel, Rabin*, and *Kutten*), *aff'd*, 581 F.3d 305 (6th Cir.
2009); *see also Wells Fargo Bank, N.A. v. Superior Court (Richtenburg)*, 159 Cal. App. 4th 381
(Cal. App. 2008) (similar to *Spencer, Siepel, Rabin, Kutten*, and *Segal*); *Daniels v. Morgan Asset
Management, Inc.*, 743 F. Supp.2d 730 (W.D. Tenn. 2010) (granting motion to dismiss); *Stoody-
Broser v. Bank of America, N.A.*, No. 08-02705, 2009 WL 2707393, at *2-3 (N.D. Cal. Aug. 25,
2009) (same), *aff'd in part, rev'd in part,* 2011 WL 2181364 (9th Cir. Jun. 6, 2011).

"economic benefits" caused "undisclosed" conflicts of interest that allegedly tainted defendants'

loyalty and care. *Id.* at *3. Finally, the court rejected plaintiffs' argument that these alleged

misrepresentations and omissions were merely background facts for state law claims that did not

turn on proof of fraud, noting case law from the Third Circuit and elsewhere uniformly holding

that "SLUSA preemption 'does not turn on whether allegations are characterized as facts or as

essential legal elements of a claim, but rather on whether the SLUSA prerequisites are "alleged"

in one form or another.'" *Id.* (quoting *Rowinksi,* 398 F.3d at 300). *See also In re: Citigroup*

*Auction Rate Sec. Litig.,* 700 F. Supp. 2d at 309 (dismissing state-law class action concerning

ARS investments on behalf of lead plaintiff and others who purchased covered securities).

Other cases involving trust investments in mutual fund shares are in accord. In *Siepel*

and *Kutten,* the plaintiffs accused Bank of America of devising a "plan" to "funnel" trust assets

into shares of federally registered mutual funds managed by the bank or its affiliates, collect

excessive or improper fees from the transaction, and misrepresent or omit material facts about

the bank's fees and financial interests in the transactions. Although the plaintiffs' respective

claims were "framed" as non-fraud claims for breach of fiduciary duty, unjust enrichment, and

violation of state statutes, the federal district court recognized that the substance of the alleged

conduct and transactions triggered SLUSA:

> [T]he crux of the Amended Complaint is that Defendants engaged in self-dealing
> transactions and misrepresented or omitted material facts relating to those
> transactions ... such as conflicts of interest and expenses related to the transfer.

*Kutten,* 2007 WL 2485001, at *4 & *8, *aff'd,* 530 F.3d at 669-70; *Siepel,* 239 F.R.D. at 567-72

(same), *aff'd,* 526 F.3d at 1126-28. The district court dismissed both complaints with prejudice

in their entirety, and the Eighth Circuit affirmed both rulings. *Siepel,* 526 F.3d. at 1126-28;

*Kutten*, 530 F.3d. at 669-70.[7]

The reasoning in the aforementioned cases applies fully here, and compels the dismissal of Plaintiffs' Complaint. Plaintiffs allege that Defendants' predecessors and Wells Fargo Delaware Trust Company failed to disclose material information about the nature and risks of ARS, failed to inform Plaintiffs of what is allegedly material information about the settlement between the SEC and Wachovia Securities and the voluntary agreement of Wachovia Capital, including an ARS buy-back opportunity, and have continued to misrepresent the value for securities. Although framed as a class action for breach of fiduciary duties and breach of a settlement agreement, the substance of Plaintiffs' allegations are that Defendants' predecessors and Wells Fargo Delaware Trust Company have made misrepresentations and omissions of material facts and engaged in deceptive and manipulative conduct in connection with the purchase and sale of mutual fund shares. Nothing more is, or should be, required to trigger SLUSA which requires the dismissal of Plaintiffs' Complaint.

Enforcement of SLUSA here does not displace or preempt any state's substantive law of contract or fiduciary duties. As the Supreme Court explained in *Dabit*, "SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class-action device to vindicate certain claims [on behalf of a group of 50 plaintiffs or more]." 547

---

[7]     In *Rabin*, the plaintiff accused JPMorgan Chase Bank, N.A. of unilaterally investing trust accounts in the bank's proprietary mutual funds without regard to whether such investments were in the beneficiaries' best interests and without disclosing material information concerning compensation received by the bank and its affiliates from the transactions. Plaintiff asserted state law class action claims for breach of fiduciary duty and unjust enrichment, but Judge Hibbler ruled that these class claims were precluded by SLUSA: "Rather than focus on the labels that Plaintiffs assigned to the claims, the Court analyzes the substance of the allegations and finds that at the heart of the Amended Complaint is that Defendants misrepresented and omitted material facts related to the purchase of shares of the Fund for the accounts of the beneficiaries." *Rabin*, 2007 WL 2295795, at *6.

U.S. at 87-88.  SLUSA does not leave any plaintiff without a remedy.  It is only large class actions that Congress sought to rein in.  Those plaintiffs who have bona fide claims under federal securities laws may bring those claims.  Alternately, SLUSA preempts only state law claims that are brought as class actions or by more than fifty people.  Federalism concerns about the displacement of state law are weak in cases like this one because federal law, not state law, has long been the "principal vehicle" for asserting any kind of class action claim related to a securities transaction.  *Id.* at 87-88 (citing legislative history).  SLUSA reflects this historical reality:  The statute's broad preclusive language and narrowly tailored statutory exceptions demonstrated that Congress carefully considered SLUSA's effect on state law remedies, making "additional, implied exceptions" "inappropriate."  *Id.*

**B.    Additional Grounds Exist For Dismissal Of Each Of Plaintiffs' Causes Of Action As To Defendant Wells Fargo Delaware Trust Company.**

In addition to SLUSA, there are other, independent grounds for the dismissal of each of Plaintiffs' claims against Wells Fargo Delaware Trust Company.

**1.    Plaintiffs Fail To State A Claim For Breach Of A Settlement Agreement Against Defendant Wells Fargo Delaware Trust Company.**

Insofar as the Complaint may be read to assert a claim against Wells Fargo Delaware Trust Company for breach of contract for the agreement made by Wachovia Securities and Wachovia Capital Markets' voluntary agreement (Compl. ¶¶ 114-119 (Count III)), any such claim against Wells Fargo Delaware Trust Company should be dismissed.  In order to state a claim for breach of contract, a plaintiff must allege facts that show that (1) the defendant is a party to the agreement; (2) the defendant has breached its duty under the agreement, causing damages; and (3) the plaintiff is either a party to the agreement itself or a third-party beneficiary able to sue for the breach.  *See Millett v. TrueLink, Inc.,* 533 F. Supp. 2d 479, 487-88 (D. Del. 2008) ("There are three elements of a breach of contract claim:  plaintiffs must prove that a contract existed; they must establish that the defendant breached an obligation imposed by the

contract; and they must show that the breach resulted in damages."). Plaintiffs' Complaint fails to meet these requirements in every respect.

Plaintiffs' Complaint does not allege any facts suggesting that Delaware Trust Company or its alleged successor (Wells Fargo Delaware Trust Company) is a party to the settlement agreement between the SEC and Wachovia Securities or Wachovia Capital Markets' voluntary agreement. To the contrary, Plaintiffs' Complaint recognizes that the only parties to any agreements were Wachovia Securities and Wachovia Capital Markets, not Delaware Trust Company or Wells Fargo Delaware Trust Company. *See supra* at pp. 4-5; Compl. ¶¶ 5-6, 76-79 (first). For this reason alone, any claim for breach of contract must be dismissed as to Wells Fargo Delaware Trust Company. *See, e.g., Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract.").

Furthermore, Plaintiffs' Complaint does not allege any terms of these agreements that may have been breached by either Delaware Trust Company or Wells Fargo Delaware Trust Company. *See, e.g.*, Compl. ¶¶ 114-119. Plaintiffs' Complaint alleges that Wachovia Securities and Wachovia Capital Markets agreed to buy back certain ARS that they had sold, but notably contains no allegations regarding the broker-dealer which actually sold the ARS purchased for the Wilson Trust. *Id.* at ¶¶ 5-6. Without such allegations, Plaintiffs cannot demonstrate that they are third-party beneficiaries entitled to sue for breach of the agreements they have pled. For these reasons, too, the Complaint fails to state a claim for breach of contract against Wells Fargo Delaware Trust Company. *See, e.g., Burke v. 401 N. Wabash Venture, LLC*, No. 08 CV 5330, 2010 WL 2330334, at *2-3 (N.D. Ill. June 9, 2010) (dismissing breach of contract claim and noting that court failed "to see how, post-*Iqbal*, a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached."); *see also Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494-96 (S.D.N.Y. 2002) (providing that a well-pleaded breach of contract claim must also identify the contractual provision or, at minimum, the contractual duty that is alleged to have been violated), *aff'd*, 65 Fed. App'x 736 (2d Cir. 2003).

**2.     Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duties Against Defendant Wells Fargo Delaware Trust Company.**

Plaintiffs' claims for breach of fiduciary duty against Wells Fargo Delaware Trust Company fail for the same reasons as their flawed breach of contract claim.  At the heart of Plaintiffs' claims is Wells Fargo Delaware Trust Company's alleged failure to participate in the Wachovia Securities/Wachovia Capital Markets buy-back in its role as trustee for the Wilson Trust and have certain ARS repurchased by Wachovia Securities or Wachovia Capital Markets. Compl. ¶¶ 102-07 (Count I), 108-13 (Count II).

However, as set forth above, there are *no* allegations in the Complaint that the ARS held in the Wilson Trust were sold by either Wachovia Securities or Wachovia Capital Markets and accordingly, there are *no* allegations that the Wilson Trust ARS were eligible for a buy-back pursuant to the Wachovia Securities and Wachovia Capital Markets agreements.  Plaintiffs' claims for breach of fiduciary duty (Counts I and II) must therefore be dismissed.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, the Complaint and all claims asserted therein should be dismissed in their entirety.

Dated:  July 1, 2011                                  Respectfully submitted,

                                                     REED SMITH LLP
                                                     */s/ Brian M. Rostocki*
                                                     Brian M. Rostocki (No. 4599)
                                                     1201 Market Street, Suite 1500
                                                     Wilmington, DE 19801
                                                     Telephone:  (302) 778-7500
                                                     Facsimile:  (302) 778-7575
                                                     brostocki@reedsmith.com

                                                     *Counsel for Defendant Wells Fargo Delaware Trust Co., N.A.*

OF COUNSEL:

REED SMITH LLP
Mary J. Hackett
Sharon L. Rusnak
David J. Bird
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Facsimile:   (412) 288-3063
mhackett@reedsmith.com
srusnak@reedsmith.com
dbird@reedsmith.com