IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE A. WILSON and<br>HARRY J. WILSON, On Behalf<br>of Themselves and All Others Similarly<br>Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>WELLS FARGO ADVISORS, LLC,<br>WELLS FARGO SECURITIES, LLC,<br>WELLS FARGO ADVISORS<br>FINANCIAL NETWORK, LLC, and<br>WELLS FARGO DELAWARE TRUST<br>COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.: 1:11-cv-00511-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS WELLS FARGO DELAWARE TRUST COMPANY'S MOTION TO DISMISS <u>PLAINTIFFS' VERIFIED COMPLAINT</u>**

Dated: August 1, 2011

Richard H. Cross, Jr. (No. 3576)
CROSS & SIMON, LLC
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
(302) 777-4200
(302) 777-4224 facsimile
rcross@crosslaw.com

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................i

TABLE OF AUTHORITIES....................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS.................................................1

SUMMARY OF ARGUMENT..................................................................................2

STATEMENT OF FACTS........................................................................................3

ARGUMENT.............................................................................................................4

    I.    SLUSA DOES NOT PREEMPT PLAINTIFFS' ACTION..........................4

    II.   EVEN IF SOME OR ALL OF THE CLAIMS ARE PREEMPTED BY SLUSA, PLAINTIFFS SHOULD BE PERMITTED TO AMEND THE COMPLAINT TO ALLOW THE CASE TO PROCEED............................5

    III.  PLAINTIFFS ARE NOT ASSERTING BREACH OF CONTRACT AS TO WELLS FARGO DELAWARE TRUST COMPANY................................6

    IV.  PLAINTIFFS HAVE STATED A CLAIM FOR BREACH OF FIDUCIARY DUTIES AGAINST WELLS FARGO DELAWARE TRUST COMPANY.................................................................................................6

CONCLUSION..........................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

Gompper v. VISX, Inc.,
298 F.3d 893 (9th Cir.2002) .................................................................................................. 5

Grund v. Delaware Charter Guarantee & Trust Co.,
2011 WL 2118754 (S.D.N.Y. 2011) ...................................................................................... 4

Paru v. Mutual of America Life Ins. Co.,
2006 WL 1292828 (S.D.N.Y. 2006) ...................................................................................... 4

Pension Committee of University of Montreal Pension Plan v. Banc of America,
750 F.Supp.2d 450 (S.D.N.Y. 2010) ...................................................................................... 4

Polich v. Burlington Northern, Inc.,
942 F.2d 1467 (9th Cir.1991) ................................................................................................. 5

Stoody-Broser v. Bank of America,
2011 WL 2181364 (9th Cir. 2011) .......................................................................................... 5

Xpedior Creditor Trust v. Credit Suisse,
341 F.Supp.2d 258 ................................................................................................................. 4

**Statutes**

15 U.S.C. §77p(b) ....................................................................................................................... 4

**NATURE AND STAGE OF THE PROCEEDINGS**

      Plaintiffs adopt the nature and stage of the proceedings as set forth in Defendant Wells Fargo Delaware Trust Company's Opening Brief. This is Plaintiffs Answering Brief to Defendants Wells Fargo Delaware Trust Company's Opening Brief.

**SUMMARY OF ARGUMENT**

1. The claims are not preempted by SLUSA.

2. Even if some or all of the claims are preempted by SLUSA, Plaintiffs should be permitted to amend the complaint to allow the case to proceed

3. Plaintiffs are not asserting breach of contract as to Wells Fargo Delaware Trust Company.

4. Plaintiffs have stated a claim for breach of fiduciary duties against Wells Fargo Delaware Trust Company.

## STATEMENT OF FACTS

Plaintiffs adopt the facts as set forth in the Complaint at ¶¶ 1 through 94. In particular, Plaintiffs note that the three counts of the complaint allege: breach of fiduciary duty relating to the failure to buy back ARS or cause the ARS to be bought back after the collapse of the market (¶ 104, 110), breach of fiduciary duty for continuing to collect management fees based on the non-existent market value of the ARS (¶ 105), breach of fiduciary duty for failing to preserve the value of the ARS held by Plaintiffs (¶ 111), breach of contract for not buying back the ARS held by Plaintiffs (¶ 118). These claims are not related to the initial purchase of the securities. The three counts are limited to breach of fiduciary duty and breach of contract about the actions of the Defendants subsequent to the purchase.

**ARGUMENT**

### I. SLUSA DOES NOT PREEMPT PLAINTIFFS' ACTION

**(This section mirrors the arguments in section 1 of Plaintiffs' answer to Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC and Wells Fargo Advisors Financial Network, LLC's Motion to Dismiss)**

Defendants contend that SLUSA preempts the claims set forth in the Complaint. However, the claims are not preempted by SLUSA.

The gravamen of the complaint is that:

- Defendants breached their fiduciary duty in administering the trusts (after purchasing the ARS)

- Defendants breached their fiduciary duty in collecting management fees based on the non-existent market value of ARS

- Defendants breached the settlement agreements to buy back the ARS

When looking at the allegations as set forth in the three counts - ¶¶102-119, these claims relate to Defendants' actions after the ARS were sold. Specifically, it looks at the Defendants' actions in collecting management fees on non-existent values, failing to sell back the ARS and failing to abide by the settlement agreement reached with the SEC to buy back the ARS. Such claims are permissible and not preempted by SLUSA. See Grund v. Delaware Charter Guarantee & Trust Co., 2011 WL 2118754 (S.D.N.Y. 2011) (finding that breach of contract and fiduciary duty claims were not preempted by SLUSA, and analyzing Xpedior Creditor Trust v. Credit Suisse, 341 F.Supp.2d 258 where breach of contract claim was not preempted by SLUSA (at *9) and analyzing Pension Committee of University of Montreal Pension Plan v. Banc of America, 750 F.Supp.2d 450 (S.D.N.Y. 2010) where claims related to untrue monthly statements regarding the net asset value and other performance information were not preempted by SLUSA (at *10)). SLUSA does not apply unless the claims are in connection with "the purchase or sale of a covered security." 15 U.S.C. §77p(b).

"...Defendant may not recast plaintiff's Complaint as a securities fraud class action so as to have it preempted by SLUSA." Paru v. Mutual of America Life Ins. Co., 2006 WL 1292828, at *3 (S.D.N.Y. 2006). In this case, while there are background facts that relate to representations made by Defendants, those do not form the basis of Counts I-III that are brought and should not preempt the case pursuant to SLUSA. In fact, when reading the whole complaint, any allegations concerning the purchase are background to the SEC complaint. There is no need to prove anything with regard to misrepresentations by the Defendants in connection with the sale of the ARS to the Plaintiffs.

II. **EVEN IF SOME OR ALL OF THE CLAIMS ARE PREEMPTED BY SLUSA, PLAINTIFFS SHOULD BE PERMITTED TO AMEND THE COMPLAINT TO ALLOW THE CASE TO PROCEED**

**(This section mirrors the arguments in section 1 of Plaintiffs' answer to Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC and Wells Fargo Advisors Financial Network, LLC's Motion to Dismiss)**

Even if the Court finds that some or all of the claims are preempted by SLUSA, the Plaintiffs should be permitted to amend the complaint.

First, if the Court finds that some claims must be dismissed because they are preempted by SLUSA or finds that some unnecessary background allegations would otherwise lead to preemption, Plaintiffs should be permitted to proceed with the balance of claims and/or allow Plaintiffs to amend and remove any allegations that are not necessary to the Complaint.[1] In Stoody-Broser v. Bank of America, 2011 WL 2181364 at *1 (9th Cir. 2011), the Court stated:

> We are not convinced, however, that amendment of the complaint would be futile. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.2002) (quoting Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991)). We recognize the danger of artful pleading, and we do not hold that the removal or the addition of any specific allegation will necessarily avoid preclusion of the breach of fiduciary duty claim in this case. <u>We believe, however, that a complaint may allege a violation of a trust administrator's fiduciary duty to the trust's beneficiaries even where that violation involves trading in covered securities so long as the complaint does not allege, either expressly or implicitly, misrepresentations, omissions, or fraudulent practices coincidental to the violation.</u>

Id. (emphasis added). In this case, the complaint does not allege, "either expressly or implicitly, misrepresentations, omissions, or fraudulent practices <u>coincidental to the violation.</u>" The violations are not related to any representations that induced Plaintiffs to acquire the ARS. The violations that are alleged in Counts I-III relate to the failure to sell/buy back the ARS, the

---

[1] Plaintiffs concede a drafting error and agree that ¶ 97(c) should be struck from the Complaint. That sub-paragraph is inconsistent with the allegations in Counts I-III which relate to failing to buy-back the ARS and continuing to charge fees for non-existent values on the securities.

charging of fees related to non-existent values and for breaching the SEC settlement agreement that required the repurchase. Removing all of the statements concerning representations made by the Defendants about the ARS would not be fatal to the Complaint and underscore the fact that the action is not preempted by SLUSA.

In the alternative, Plaintiffs should the Court find that none of the allegations could be brought as a class action, even with amendment, Plaintiffs request leave to amend and remove the class action allegations and proceed individually. In this case, given caselaw supporting Plaintiffs position, Plaintiffs brought this action on the good faith belief that claims for fiduciary duty and breach of contract subsequent to the purchase of the ARS were not preempted by SLUSA and they should not be denied their day in Court.

### III. PLAINTIFFS ARE NOT ASSERTING BREACH OF CONTRACT AS TO WELLS FARGO DELAWARE TRUST COMPANY

Defendants seek to dismiss Wells Fargo Delaware Trust Company from Counts III. Defendants note that they are not sure whether Count III is directed at Wells Fargo Delaware Trust Company. The short answer is, it is not. Count III is directed toward the non-trust defendants.

### IV. PLAINTIFFS HAVE STATED A CLAIM FOR BREACH OF FIDUCIARY DUTIES AGAINST WELLS FARGO DELAWARE TRUST COMPANY

Defendants contend that there is no allegation that the ARS were eligible for the buy back because there is no allegation that they were sold by either Wachovia Securities or Wachovia Capital Markets. Defendant is wrong.

The entire complaint focuses on the fact that Wells Fargo sold the ARS securities to the Plaintiffs' trust where Wells Fargo Delaware Trust Company (or its predecessor) was trustee. For example, ¶ 1 identifies the "ARS" securities at issue as those being sold by the Defendants. Later, ¶ 8 discusses the fact that the Wells Fargo Defendants refused to buy back ARS from trusts <u>that purchased and held ARS as trust property</u>, including trusts were Wachovia Trust (now known as Wells Fargo Delaware Trust Company) is the trustee. There is no real dispute that the ARS was purchased from the Defendants. Perhaps in an attempt to trap Plaintiffs into making too many allegations about the purchase of the ARS (in order to try to have the complaint preempted by SLUSA), Defendants contend that the allegations surrounding the purchase are not enough. However, the purchase of the ARS from the Defendants is not in question and is not the

focus of the litigation. Instead, the litigation is focused on the failure to participate in the buy back and carrying the non-existent value of the ARS in order to generate fees.

**CONCLUSION**

      For the reasons set forth herein, Defendant Wells Fargo Delaware Trust Company's motion should be denied.

                                CROSS & SIMON, LLC

                                */s/ Richard H. Cross, Jr.*
                                Richard H. Cross, Jr. (No. 3576)
                                913 N. Market Street, 11th Floor
                                P.O. Box 1380
                                Wilmington, DE 19899 - 1380
                                Telephone: (302) 777-4200
                                Fax: (302) 777-4224
                                rcross@crosslaw.com

                                *Counsel for Plaintiffs*