## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DIANE A. WILSON and )
HARRY J. WILSON, on Behalf of )
Themselves and All Others Similarly )
Situated, )
                    )
            Plaintiffs, )
                    )
      v. )     C.A. No. 1:11-cv-00511-SLR
                    )
WELLS FARGO ADVISORS, LLC, )
WELLS FARGO SECURITIES, LLC, )
WELLS FARGO ADVISORS )
FINANCIAL NETWORK, LLC, and )
WELLS FARGO DELAWARE TRUST )
COMPANY, )
                    )
            Defendants. )
_____)

### DEFENDANTS WELLS FARGO ADVISORS, LLC, WELLS FARGO SECURITIES, LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Dated: August 18, 2011

REED SMITH LLP
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile:  (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendants Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC*

OF COUNSEL:

REED SMITH LLP
Sarah R. Wolff
Michael S. Leib
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
swolff@reedsmith.com
mleib@reedsmith.com

REED SMITH LLP
David C. Powell
101 Second Street
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
dpowell@reedsmith.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ..................................................................................................................... 1

I.      SLUSA PREEMPTS PLAINTIFFS' ACTION .................................................. 1

   II.     PLAINTIFFS ADMIT THEY ARE NOT ALLEGING BREACH OF
           FIDUCIARY DUTY (COUNTS I AND II) AGAINST THE NON-
           TRUST DEFENDANTS ............................................................................. 1

   III.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF
           CONTRACT (COUNT III) AGAINST THE NON-TRUST
           DEFENDANTS ......................................................................................... 2

           A.     Plaintiffs Effectively Concede They Did Not Plead That Their
                  ARS Were Purchased From Either Wachovia Securities Or
                  Wachovia Capital Markets, A Key Requirement For Either
                  Company To Be Obligated To Buy Plaintiffs' ARS .................... 2

           B.     Because Plaintiffs' ARS Were Purchased Into An Account
                  Maintained By Wachovia Trust, Under The Terms Of Their
                  Agreements, Wachovia Securities And Wachovia Capital Markets
                  Had No Obligation To Offer To Buy Such ARS .......................... 3

           C.     Plaintiffs Do Not Plead That Wachovia Securities Or Wachovia
                  Capital Markets Failed To Offer To Buy The ARS In Question
                  And, Thus, Do Not Plead A Breach Of Any Agreement ............... 4

           D.     Because Wachovia Securities Financial Network Was Not A Party
                  To The Settlement Agreement With The SEC, It Cannot Be Held
                  Liable For Breach Of Contract .................................................... 6

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

Page

## Cases

*Barkes v. First Corr. Med.*,
    2010 WL 1418347 (D. Del. Apr. 7, 2010) ............................................................. 6

*ESI, Inc. v. Coastal Power Prod. Co.*,
    13 F. Supp. 2d 495 (S.D.N.Y. 1998) .................................................................... 5

*Sierra Invs., LLC v. SHC Inc.*,
    329 B.R. 438 (Bankr. D. Del. 2005) ..................................................................... 5

*Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*,
    40 F. Supp. 2d 644 (W.D. Pa. 1999) .................................................................... 5

## Rules and Statutes

11 U.S.C. § 77p(b) ........................................................................................................ 1

11 U.S.C. § 77bb(f)(1) .................................................................................................. 1

For their reply in support of their Motion to Dismiss, Wells Fargo Advisors, LLC, Wells Fargo Securities, LLC, and Wells Fargo Advisors Financial Network, LLC (collectively, the "Non-Trust Defendants") state as follows:

## ARGUMENT

### I.   SLUSA PREEMPTS PLAINTIFFS' ACTION

For the reasons stated in Sections A and B of Defendant Wells Fargo Delaware Trust Company's reply brief in support of its motion to dismiss and in Section A of its opening brief, which are incorporated herein by reference: (1) Plaintiff's Complaint satisfies all of the elements for preemption under the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b), 78bb(f)(1), and, thus, should be dismissed with prejudice; and (2) the Court should deny Plaintiffs' request for leave to file a sanitized complaint as a plaintiff may not evade SLUSA's preemption by filing an amendment that omits express references to deceptive and manipulative conduct or disavows reliance on such allegations.

### II.   PLAINTIFFS ADMIT THEY ARE NOT ALLEGING BREACH OF FIDUCIARY DUTY (COUNTS I AND II) AGAINST THE NON-TRUST DEFENDANTS

In Counts I and II, Plaintiffs allege breach of fiduciary duty against "Wachovia Trust/Wells Fargo." (Compl. ¶¶ 102-113.)[1]  In their opening brief, the Non-Trust Defendants pointed out that, while Plaintiffs do not make it clear exactly which Defendants are being sued in Counts I and II, only "Delaware Trust Company" is alleged to have acted as the trustee of the Wilson Trust and, therefore, the Non-Trust Defendants must be dismissed with prejudice from Counts I and II.  (Op. Br., at 10.)  In response, Plaintiffs admit that Counts I and II are not

---

[1] Citations to "Comp. ¶ __" are to the Class Action Complaint filed by Plaintiffs. (D.I. 1, Ex. A.) Citations to "Op. Br." are to the Non-Trust Defendants' Opening Brief. (D.I. 5.) Citations to "Resp." are to Plaintiff's Answering Brief in Opposition to the Non-Trust Defendants' Motion to Dismiss. (D.I. 9.)

directed at the Non-Trust Defendants.  As such, the Non-Trust Defendants should be dismissed from Counts I and II with prejudice.

## III.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT III) AGAINST THE NON-TRUST DEFENDANTS

In Count III, Plaintiffs allege that Defendants breached a settlement with the SEC "by not buying back the [auction rate securities ("ARS")] held in Plaintiffs' trusts." (Compl. ¶ 118.) This Count should be dismissed as to each of the Non-Trust Defendants. *First*, Plaintiffs' Complaint does not allege that Wachovia Securities violated its agreement with the SEC or that Wachovia Capital Markets violated its "voluntary" agreement. *Second*, Wachovia Securities Financial Network is not alleged to have been a party to any agreement with the SEC or otherwise and, therefore, its successor, Wells Fargo Advisors Financial Network, cannot be held liable for breach of contract.

### A.   Plaintiffs Effectively Concede They Did Not Plead That Their ARS Were Purchased From Either Wachovia Securities Or Wachovia Capital Markets, A Key Requirement For Either Company To Be Obligated To Buy Plaintiffs' ARS

In their opening brief, the Non-Trust Defendants pointed out that Plaintiffs' Complaint fails to make any allegation regarding the name of the broker-dealer that sold the ARS to the Wilson Trust. (Op. Br., at 8-9.) This is important because Wachovia Securities' settlement with the SEC only required Wachovia Securities to offer to buy certain ARS that were purchased "*from Wachovia Securities.*" (Compl. ¶¶ 5, 79 (first)[2]; Ex. B to Op. Br., at ¶¶ 3.I.B and 3.II (emphasis added).)  In other words, under the settlement with the SEC, Wachovia Securities is not obligated to offer to buy any ARS that were purchased from any other financial institution.

---

[2] The Complaint has two different sets of Paragraphs 75-79. To differentiate between the Paragraphs, when referring to the first time one of these Paragraphs is used in the Complaint, the Non-Trust Defendants will cite to the Paragraph number followed by "(first)", while adding "(second)" after the Paragraph number when referring to the second time one of these Paragraph numbers is used.

Wachovia Securities is only required to make such an offer for certain ARS that it sold. Similarly, under its voluntary agreement, Wachovia Capital Markets is only required to offer to purchase certain ARS that it sold.  (Compl. ¶¶ 5-6; Ex. B to Op. Br. ¶ 4.)  Conspicuously absent from the Complaint, however, is any allegation that the ARS held by the Wilson Trust were sold by Wachovia Securities or Wachovia Capital Markets.

Importantly, in their response brief, Plaintiffs do not attempt to argue that they have pled that the ARS in question were purchased from Wachovia Securities or Wachovia Capital Markets.  In fact, Plaintiffs do not even respond to this point, thus, in effect, conceding that the Complaint is deficient in this respect.  Because Plaintiffs do not and cannot allege that their ARS were sold by Wachovia Securities or Wachovia Capital Markets, Count III should be dismissed with prejudice as to Wells Fargo Advisors, successor to Wachovia Securities, and Wells Fargo Securities, successor to Wachovia Capital Markets.

> **B.    Because Plaintiffs' ARS Were Purchased Into An Account Maintained By Wachovia Trust, Under The Terms Of Their Agreements, Wachovia Securities And Wachovia Capital Markets Had No Obligation To Offer To Buy Such ARS**

In their opening brief, the Non-Trust Defendants pointed out that, under the SEC settlement, Wachovia Securities was only required to purchase ARS that were purchased "into accounts maintained at Wachovia Securities."  (Compl. ¶ 5; Ex. B to Op. Br., at ¶¶ 3.I.B and 3.II.)  Similarly, Wachovia Capital Markets' voluntary agreement only required it to purchase ARS that were purchased into accounts it maintained.  (Compl. ¶¶ 5-6; Ex. B to Op. Br. ¶ 4.) The Complaint, however, actually states that the ARS in question here were purchased into an account *maintained at Wachovia Trust*.[3]  (Compl. ¶ 79 (second) ("Wachovia Trust as trustee

---

[3] Plaintiffs define "Wachovia Trust" as "Wachovia Bank" and "Delaware Trust Company".  (Compl. ¶ 7.)

purchased ARS to be held by the Wilson Trust"; *id.* ¶ 75 (second) ("Plaintiffs . . . created a trust through Wachovia Trust".)  As such, neither Wachovia Securities nor Wachovia Capital had an obligation under the SEC settlement and voluntary agreement to offer to purchase the ARS held in the Wilson Trust account and, thus, cannot be held liable for breach of contract.

In response, Plaintiffs argue in a footnote that the Non-Trust Defendants are reading the Complaint out of context. (Resp., at 7 n.2).  Plaintiffs argue that the Complaint alleges that the trust "held" the securities on its balance sheet, but that, "[p]resumably, the securities were held by Wells Fargo Advisors and Wells Fargo Securities as that term was contemplated by the SEC settlement agreement." (*Id.*)  But that argument is nonsensical.  The Complaint expressly states that it was Wachovia Trust, as trustee, that purchased the ARS in question, and it was purchased for the Wilson's account with Wachovia Trust.  (Compl. ¶¶ 75, 79.)  As such, Wachovia Securities (now Wells Fargo Advisors) and Wachovia Capital Markets (now Wells Fargo Securities) did not maintain the relevant accounts into which the ARS were purchased and, therefore, under the express terms of their agreements, had no obligation to offer to buy Plaintiffs' ARS.  (Ex. B to Op. Br., at ¶¶ 3.I.B, 3.II, and 4.)  Count III should be dismissed with prejudice as to these entities.

### C.   Plaintiffs Do Not Plead That Wachovia Securities Or Wachovia Capital Markets Failed To Offer To Buy The ARS In Question And, Thus, Do Not Plead A Breach Of Any Agreement

Under the terms of Wachovia Securities' agreement with the SEC, as well as Wachovia Capital Markets' voluntary agreement, Wachovia Securities and Wachovia Capital Markets were only obligated to *offer* to buy certain ARS.  In their opening brief, the Non-Trust Defendants pointed out that the Complaint contains no allegation that either company did not *offer* to buy the ARS contained in the Wilson Trust account, only that they "did not buy" the ARS. (Op. Br., at 8, 9.)  As such, there is no allegation that the Non-Trust Defendants breached their agreements.

In response, Plaintiffs make two arguments that are legally insufficient. *First*, Plaintiffs argue that, regardless of the fact that the actual SEC Consent and Judgment, which are attached as Exhibits B and C to the Opening Brief, only require an *offer* to buy the securities, "the complaint alleges that Defendants had an obligation to buy back the ARS under the agreement." (Resp., at 7.) But under Federal pleading standards, in ruling on a motion to dismiss, the Court may consider documents which are incorporated by reference into a complaint. *Sierra Invs., LLC v. SHC Inc.*, 329 B.R. 438, 442 (Bankr. D. Del. 2005) (citations omitted). The SEC Consent and Judgment are referred to directly in, among other places, Paragraphs 5-6 and 76-79 (first) of the Complaint. Moreover, "[i]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the Court need not accept as true the allegations of the complaint." *Id.* (citing *ESI, Inc. v. Coastal Power Prod. Co.*, 13 F. Supp. 2d 495, 497 (S.D.N.Y. 1998) and *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp. 2d 644, 649 (W.D. Pa. 1999)). Here, of course, the Consent and Judgment are crystal clear that the only requirement on Wachovia Securities under the SEC settlement and on Wachovia Capital markets under its voluntary agreement is for those companies to *offer* to buy certain ARS—a fact Plaintiffs choose to ignore. (Ex. B to Op. Br. ¶¶ 3.II, 4.) As such, the document trumps any allegations to the contrary in the Compliant.

*Second*, Plaintiffs argue that "the complaint specifically alleges that the Defendants' predecessors 'refused to buy back ARS from trusts that purchased and held ARS as trust property. . .'" (Resp., at 7.) The problem with this argument, however, is that the allegation regarding the Defendants' refusal to buy ARS was made regarding trusts in general. (Compl. ¶ 8.) The allegation did not relate specifically to the Wilsons' Trust. Indeed, as to the Wilsons' Trust, the Complaint merely states that Defendants "did not buy back the ARS from the Wilson

Trust," (*Id.* ¶ 89), which is not the same as stating that the Defendants did not *offer* to buy the ARS.   Given this deficiency, the Complaint fails to state that either Wells Fargo Advisors, successor to Wachovia Securities, or Wells Fargo Securities, successor to Wachovia Capital Markets, breached their agreements.   Count III should be dismissed.

> **D.     Because Wachovia Securities Financial Network Was Not A Party To The Settlement Agreement With The SEC, It Cannot Be Held Liable For Breach Of Contract**

In Count III, Plaintiffs allege that Defendants breached a settlement with the SEC "by not buying back the ARS held in Plaintiffs' trusts." (Compl. ¶ 118.)   In the opening brief, the Non-Trust Defendants pointed out that Wells Fargo Advisors Financial Network, LLC must be dismissed from Count III.   According to a filing with the Missouri Secretary of State's Office, a filing over which Plaintiffs do not contest the Court can take judicial notice, Defendant Wells Fargo Advisors Financial Network, LLC is the successor to Wachovia Securities Financial Network, LLC. (*See* Exhibit A to Op. Br.)[4]   Because Wachovia Securities Financial Network is not alleged to have been a party to any agreements with the SEC, its successor, Wells Fargo Advisors Financial Network, cannot be held liable for breach of contract.

In response, Plaintiffs claim they "understand that Wells Fargo Advisors Financial Network is an 'additional' successor to Wachovia Securities, LLC and Wachovia Capital Market, LLC," two entities they do claim are parties to agreements.   (Resp. at 6.)   But this explanation ignores the allegations of the Complaint, as Plaintiffs allege that the successor to Wachovia Securities is Wells Fargo Advisors and the successor to Wachovia Capital Markets is Wells Fargo Securities LLC. (Compl. ¶¶ 14-15.)   That leaves no room for Wells Fargo Advisors

---

[4] As stated in the opening brief, the Court can take judicial notice of this fact. *See Barkes v. First Corr. Med.*, 2010 WL 1418347, at *2 (D. Del. Apr. 7, 2010) (holding that the Court is "allowed consideration of matters 'incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint whose authenticity is unquestioned. . . .'").

Financial Network to be a successor to those companies.   Moreover, Plaintiffs do not deny that the Court can take judicial notice over the fact that Wells Fargo Advisors Financial Network is the successor to Wachovia Securities Financial Network, and not Wachovia Securities and Wachovia Capital Markets, as stated in the Missouri secretary of state filing.  As such, the Court should dismiss Wells Fargo Advisors Financial Network, successor to Wachovia Securities Financial Network, from Count III, and the dismissal should be <u>with prejudice</u>.

Moreover, even if Wells Fargo Advisors Financial Network were a successor to Wachovia Securities and Wachovia Capital Markets, it would still be entitled to a dismissal <u>with prejudice</u> for the same reasons Wells Fargo Advisors and Wells Fargo Securities, the actual successors to Wachovia Securities and Wachovia Capital Markets, are entitled to such a dismissal as stated in Sections III.A, B and C above.

## CONCLUSION

For the reasons stated above and in their Opening Brief in Support of their Motion to Dismiss, the Non-Trusts Defendants respectfully request that the Court dismiss all claims against them <u>with prejudice</u>.

Dated:  August 18, 2011

REED SMITH LLP

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Fax:  (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendants Wells Fargo
Advisors, LLC, Wells Fargo
Securities, LLC, and Wells Fargo
Advisors Financial Network, LLC*

OF COUNSEL:

REED SMITH LLP
Sarah R. Wolff
Michael S. Leib
10 S. Wacker Drive, Suite 4000
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
swolff@reedsmith.com
mleib@reedsmith.com

REED SMITH LLP
David C. Powell
101 Second Street
San Francisco, CA  94105
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
dpowell@reedsmith.com

## CERTIFICATE OF SERVICE

I, Brian M. Rostocki, hereby certify that on this 18th day of August, 2011, I caused

**DEFENDANTS WELLS FARGO ADVISORS, LLC, WELLS FARGO SECURITIES,**

**LLC, AND WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S REPLY IN**

**SUPPORT OF THEIR MOTION TO DISMISS** to be served on the following counsel of

record for Plaintiffs in the manner indicated below:

### VIA CM/ECF AND EMAIL

Richard H. Cross, Jr.
CROSS & SIMON, LLC
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE  19899-1380


*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)