## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE A. WILSON and<br>HARRY J. WILSON, On Behalf<br>of Themselves and All Others Similarly<br>Situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:11-cv-00511-SLR |
| | ) | |
| WELLS FARGO ADVISORS, LLC,<br>WELLS FARGO SECURITIES, LLC,<br>WELLS FARGO ADVISORS<br>FINANCIAL NETWORK, LLC, and<br>WELLS FARGO DELAWARE TRUST<br>COMPANY, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WELLS FARGO DELAWARE TRUST COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT**

Dated: August 18, 2011

REED SMITH LLP
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendant Wells Fargo*
*Delaware Trust Co., N.A.*

OF COUNSEL:

REED SMITH LLP
Mary J. Hackett
Sharon L. Rusnak
David J. Bird
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
mhackett@reedsmith.com
srusnak@reedsmith.com
dbird@reedsmith.com

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT .........................................................................................................1

        A.      Plaintiffs' Complaint Satisfies All The Elements Of SLUSA Preemption..............1

        B.      Third Circuit SLUSA Precedent Prohibits Artful Pleading, Including The
                Filing Of Amended Pleadings That Attempt To Plead Around
                Misrepresentations, Omissions, and Securities Transactions. ................................7

        C.      Plaintiffs Fail To State Individual Claims For Breach Of Contract And
                Fiduciary Duties Against Defendant Wells Fargo Delaware Trust
                Company. ..............................................................................................................9

III.    CONCLUSION.....................................................................................................10

## EXHIBITS

Ex. A      *Richeck v. Bank of America, N.A.*, No. 10-cv-6779, 2011 WL 3421512 (N.D. Ill
           Aug. 4, 2011)

Ex. B      *Bourreinne v. Calamos*, No. 10-cv-7295, 2011 WL 3421559 (N.D. Ill. Aug. 4,
           2011)

# TABLE OF AUTHORITIES

## Cases

*Behlen v. Merrill Lynch*,
  311 F.3d 1087 (11th Cir. 2002) ..................................................................8

*Bourreinne v. Calamos*,
  No. 10-cv-7295, 2011 WL 3421559 (N.D. Ill. Aug. 4, 2011) .....................6

*Dudek v. Prudential Sec., Inc.*,
  295 F.3d 875 (8th Cir. 2002) .......................................................................8

*Grund v. Delaware Charter Guarantee & Trust Co.*,
  No. 09-8025, 2011 WL 2118754 (S.D.N.Y. May 26, 2011) ......................6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
  547 U.S. 71 (2006) ...............................................................................3, 5

*Miller v. Nationwide Life Ins. Co.*,
  391 F.3d 698 (5th Cir. 2004) .......................................................................4

*Paru v. Mutual of America Life, Ins. Co.*,
  No. 04-6907, 2006 WL 1292828 (S.D.N.Y. May 11, 2006) ......................6

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC*,
  750 F. Supp. 2d 450 (S.D.N.Y. 2010) .........................................................6

*Proctor v. Vishay Intertechnology, Inc.*,
  584 F.3d 1208 (9th Cir. 2009) .....................................................................4

*Richek v. Bank of America, N.A.*,
  No. 10-cv-6779, 2011 WL 3421512 (N.D. Ill. Aug. 4, 2011) .....................6

*Rowinski v. Salomon Smith Barney Inc.*,
  398 F.3d 294 (3d Cir. 2005) ....................................................................3, 7

*SEC v. Zandford*,
  535 U.S. 813 (2002) ................................................................................5, 6

*Segal v. Fifth Third Bank, N.A.*,
  581 F.3d 305 (6th Cir. 2009) ..................................................................4, 8

*Siepel v. Bank of America, N.A.*,
  526 F.3d 1122 (8th Cir. 2008) .................................................................6, 8

*Stoody-Broser v. Bank of America, N.A.*,
  No. 09-17112, 2011 WL 2181364 (9th Cir. June 6, 2011) .........................8

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*,
  341 F. Supp. 2d 258 (S.D.N.Y. 2004) .........................................................6

## Statutes

15 U.S.C. § 78bb(f)(1) ......................................................................................3

## I.    INTRODUCTION

Plaintiffs' Opposition fails to address in any meaningful way SLUSA's preemptive effect on Plaintiffs' putative class action.  Plaintiffs argue that SLUSA does not apply to their action because Defendants' alleged misstatements, omissions, deception, and manipulation supposedly did not occur "in connection with" the purchase or sale of auction rate securities (ARS).  Rather, Plaintiffs contend the purchase and sale of ARS are incidental to Defendants' alleged misconduct.  Yet, Plaintiffs' argument conspicuously ignores the allegations of their own Complaint, SLUSA's plain language, and a host of precedents rejecting the same arguments that Plaintiffs make here.  Controlling precedent demands that Defendant's motion be granted.

Plaintiffs' alternate request for leave to amend their pleading also ignores controlling precedent.  It is settled that a plaintiff may not evade SLUSA by artfully amending pleadings to omit express references to deceptive and manipulative conduct or securities transactions. Accordingly, it would be futile to give Plaintiffs leave to file an amended class action complaint.

Finally, Plaintiffs state that, if the Court grants Defendant's motion in full, they would like to drop their class allegations and proceed with individual claims.  SLUSA does not prohibit individual actions but the Court should deny Plaintiffs' request because their Complaint fails to state a claim and Plaintiffs cannot cure their pleading defects.

## II.    ARGUMENT

### A.    Plaintiffs' Complaint Satisfies All The Elements Of SLUSA Preemption.

There is no dispute that SLUSA's first three requirements are satisfied.  *Compare* Def. Mem. 8-9 [Dkt. 7] *with* Pls. Opp. 4 [Dkt. 10].  The only issue is whether the Complaint alleges misstatements, omissions, deception, or manipulation "in connection with" the trust investments in ARS.  Despite Plaintiffs' protests, it is plain that the Complaint satisfies this requirement also.

Plaintiffs argue that SLUSA's "in connection with" requirement is not satisfied here because their pleading supposedly attacks only a limited range of conduct that (1) occurred "after" the "initial" investment of trust assets in ARS and (2) did not "induce[]" or cause ARS to be acquired for the trust. Pls. Opp. 3-5. This argument ignores the Complaint's allegations, SLUSA's plain language, and a host of precedents.

To start, Plaintiffs' Complaint is replete with allegations about misstatements, omissions, deception, or manipulation by Defendants that allegedly occurred *before* and *after* the investment of trust assets and that allegedly were part of a scheme to steer or funnel assets (including trust assets) into ARS and collect unlawful fees. For example, Plaintiffs allege that Defendants:

- "misled [their] customers about the fundamental nature and increasing risks associated with [ARS], that [Wachovia Securities and Wachovia Capital Markets] underwrote, marketed, and sold," Compl. ¶ 1;

- "misrepresented to [their] customers that ARS were safe, highly liquid investments comparable to cash or money market instruments," *Id.; see also id* ¶¶ 28-39, 68, 71-72; and

- "continued to market ARS to [their] customers as highly liquid investments" even after they allegedly "became aware of mounting evidence" that investors no longer could "rely on the historical stability of the ARS market," *Id.* ¶¶ 3, 42-47.

Def. Mem. 9. The Complaint also alleges that Delaware Trust Company (1) had discretion in investing the Wilson Trust's assets; (2) invested trust assets in unspecified ARS; and (3) allegedly breached its fiduciary duty "by purchasing ARS with trust property" and failing to disclose information about ARS investments to Plaintiffs. *Id.* ¶¶ 78-79 (second), 82, 97(c).[1]

---

[1] Plaintiffs "concede" that ¶ 97(c) pertains to alleged conduct by Delaware Trust Company in connection with ARS investments but attempt to minimize the significance of ¶ 97(c) by describing the allegation as a "drafting error" that is supposedly "inconsistent" with the rest of the Complaint and "should be struck." Pls. Opp. at 5 n.1. Plaintiffs cannot hide from their own allegations. Paragraph 97(c) and the previously cited allegations confirm that they are attacking

Continued on following page

Moreover, these allegations are incorporated into each count of the Complaint and thus are a factual predicate to each claim. Nothing more is required to trigger SLUSA. Def. Mem. 9-15.

Plaintiffs maintain that their allegations pertaining to initial investments in ARS are mere "background" information—*i.e.*, incidental allegations that Plaintiffs do not "need to prove" to assert state law claims—and that, for that reason, these allegations do not satisfy SLUSA's "in connection with" requirement. Pls. Opp. 4-5. This narrow construction of SLUSA's "in connection with" language is incompatible with the statute's text and controlling precedents.

Although Congress could have limited SLUSA's preemptive effect to only those state law class action claims that "sound" in (and require proof of) fraud, Congress did not do so. Instead, Congress enacted a statute with much broader language, expressly covering any state law claim alleging misstatements or omissions of material facts or acts of deception or manipulation "in connection with" the purchase or sale of securities, subject to certain express and narrowly "tailored" exceptions. *See* 15 U.S.C. § 78bb(f)(1). None of those exceptions apply here, and, under *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 87-88 (2006), SLUSA may not be construed in a way that "create[s]" "additional, implied exceptions."

Controlling SLUSA precedents have rejected arguments identical to Plaintiffs' "background" argument and dismissed actions under analogous circumstances. In *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298-99 (3d Cir. 2005), the Third Circuit held that SLUSA-triggering allegations that have been "incorporated" into each count of a complaint serve as the "factual predicate" to each claim and make each claim subject to SLUSA, irrespective of whether the allegations were necessary to state a claim under state law. Likewise, *Segal v. Fifth*

---

Continued from previous page
an allegedly deceptive and manipulative scheme to steer assets into ARS and collect fees. SLUSA preempts a state law class action attacking such a scheme.

*Third Bank, N.A.*, 581 F.3d 305, 308, 311 (6th Cir. 2009), rejected the argument that SLUSA

preempts only those state law class action claims that "depend upon allegations of

misrepresentation or manipulation," noting that "[t]he Act does not ask whether the complaint

makes 'material' or 'dependent' allegations of misrepresentation in connection with buying or

selling securities[;] [i]t asks whether the complaint includes these types of allegations, pure and

simple." *Id.* (SLUSA preempted claims for breaches of contractual and fiduciary duty based on a

trustee's alleged misstatements and omissions to beneficiaries before and after charging

investment fees); *see Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004)

(same); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1221-22 (9th Cir. 2009) (same).

Apart from these allegations, the Complaint also alleges other misstatements, omissions,

deception, or manipulation "in connection with" trust investments in ARS. For example, the

Complaint alleges the Delaware Trust Company:

- "never informed" Plaintiffs that "the ARS held by the Wilson Trust
  had lost all or most of their [market] value," following the disruption
  of ARS auctions in February 2009, Compl. ¶¶ 82, 84; and

- failed to "inform" Plaintiffs that Wachovia Securities and Wachovia
  Capital Markets had agreed to "buy back" certain ARS; and
  "participate in the [Wachovia Securities/Wachovia Capital Markets]
  buy back in their role of trustee," *Id.* ¶¶ 8, 10, 83-85, 104.

*See* Def. Mem. 10. The Complaint further alleges that the Defendant trustee continued to charge

trust management fees to the Wilson Trust account based "on the full par value" of the ARS held

in the account and "actively concealed" the true value of the ARS. *Id.* ¶¶ 90-93. By Plaintiffs'

own account these allegations form the crux of their claims against the trustee.

Plaintiffs contend that these allegations also do not satisfy SLUSA's "in connection with"

requirement because they concern conduct that supposedly (1) occurred "after" the "initial" trust

investments in ARS and (2) did not "induce[]" or cause ARS to be acquired for the trust. Pls.

Opp. 4-5. This argument also depends on a narrow construction of "in connection with." Plaintiffs assume that "in connection with" embraces only cases where a misrepresentation or omission is alleged to have preceded and caused a purchase or sale of a security. Courts have rejected this argument repeatedly as being incompatible with SLUSA's text and controlling precedents.

Congress did not limit SLUSA preemption to those state law class actions where a misrepresentation or omission or act of deception is alleged to have preceded and caused the purchase or sale of the security. Instead, as previously noted, Congress enacted broader language, covering claims alleging any misstatements or omissions of material facts or acts of deception or manipulation "in connection with" the purchase or sale of securities. Under *Dabit*, 547 U.S. at 84-88, this text must be given the same "broad construction" as the "in connection with" language of Section 10(b) of the Exchange Act and construed "flexibly" to cover any misstatement or omission "touching" on a securities transaction.

In reaching this conclusion, *Dabit* rejected a narrow reading of "in connection with" almost identical to Plaintiffs'—*i.e.*, a reading that assumes that "in connection with" embraces only those cases where a misrepresentation or omission is alleged to have preceded and caused the purchase or sale of a security and where allegations demonstrate all the elements necessary for an implied private action under federal securities laws. *Id.* (holding that SLUSA precluded class actions by investors who "held" but did not purchase or sell securities). *Dabit* closely followed *SEC v. Zandford*, 535 U.S. 813 (2002)—a precedent that confirms that "in connection with" does not turn on whether misrepresentations or omissions preceded or caused a securities transaction. In *Zandford*, the SEC brought a civil action against a broker who repeatedly sold his clients' stockholdings, diverted the sales proceeds, and covered up his scheme through

- 5 -

misrepresentations and omissions after the sales.  The Supreme Court held that the broker's

scheme occurred "in connection with" the securities sales, even though his deceptive and

manipulative acts did not precede or cause a sale.  *Id.* at 820-21.

Federal circuit and district courts have rejected Plaintiffs' narrow construction of "in

connection with" in numerous cases where, as here, a plaintiff sought to challenge fees charged

by trustees and others after the purchase or sale of securities based on the value of the underlying

securities.  *See* Def. Mem. 12-13 & n.6 (citing numerous SLUSA cases, including *Siepel v. Bank*

*of America, N.A.*, 526 F.3d 1122, 1127 (8th Cir. 2008) (*Dabit* "rejected wholesale the proposition

that limitations on private Rule 10b-5 actions may be applied to limit the scope of SLUSA"));

*see also Richek v. Bank of America, N.A.*, No. 10-cv-6779, 2011 WL 3421512, at *3-4 (N.D. Ill.

Aug. 4, 2011) (same), *attached hereto as* Ex. A.  And courts have rejected arguments similar to

Plaintiffs' in cases challenging ARS investments.  *See* Def. Mem. 12-13 (citing cases); *see also*

*Bourreinne v. Calamos*, No. 10-cv-7295, 2011 WL 3421559 (N.D. Ill. Aug. 4, 2011), *attached*

*hereto as* Ex. B.  Plaintiffs, however, ignore this authority and instead cite only four district court

decisions from another circuit that are inapposite to their Complaint.  Pls. Opp. 4-5.[2]  Ultimately,

the controlling authorities require the dismissal of Plaintiffs' Complaint.

---

[2]     Plaintiffs' first and second cases—*Xpedior Creditor Trust v. Credit Suisse First Boston*
*(USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004), and *Paru v. Mutual of America Life Ins. Co.*,
No. 04-6907, 2006 WL 1292828 (S.D.N.Y. May 11, 2006)—are distinguishable because each
involved complaints that did not have *any* explicit allegations of misrepresentations and
omissions whereas the Complaint *does* expressly allege misrepresentations and omissions. Plaintiffs'
third and fourth cases—*Pension Comm. of the Univ. of Montreal Pension Plan v.*
*Banc of America Sec., LLC*, 750 F. Supp. 2d 450 (S.D.N.Y. 2010), and *Grund v. Delaware*
*Charter Guarantee & Trust Co.*, No. 09-0825, 2011 WL 2118754 (S.D.N.Y. May 26, 2011)—
hold that claims concerning investments in hedge funds are not preempted by SLUSA because
such funds are not covered securities issued by registered investment companies.  However,
Plaintiffs' own cases distinguish hedge fund claims from preempted claims (like Plaintiffs') that
challenge the fees associated with a trustee's direct investment of assets in covered securities.
Continued on following page

**B.**   **Third Circuit SLUSA Precedent Prohibits Artful Pleading, Including The Filing Of Amended Pleadings That Attempt To Plead Around Misrepresentations, Omissions, and Securities Transactions.**

In the alternative, Plaintiffs argue that the Court should allow them to amend their pleading to "remove" express references to misstatements and omissions and deceptive and manipulative conduct by the Defendants and proceed with the "balance" of their claims. Pls. Opp. 5. The Court should deny Plaintiffs' request for leave to file a sanitized complaint. The Third Circuit and many other courts have held that a plaintiff may not evade SLUSA's preemption by filing an amendment that omits express references to deceptive and manipulative conduct or disavows reliance on such allegations.

In *Rowinski*, 398 F.3d at 304, the Third Circuit stated that SLUSA embodies "an express exception" to the rule that the plaintiff is the "master of his own complaint." Because Congress enacted SLUSA expressly to preempt "a particular class of state law claims[,] the question is not whether a plaintiff pleads or omits certain key words or legal theories, but rather whether a reasonable reading of the complaint evidences allegations of 'a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security.'" *Id.* (quoting SLUSA's text). Accordingly, when analyzing a motion to dismiss under SLUSA, the *Rowinski* court warned district courts in this circuit to be wary of attempts to evade SLUSA through "artful pleading," and called on courts to scrutinize any pleading or proposed amendment to a pleading for signs that the plaintiff is attempting to "circumvent[]" the statute. *Id.*

------

Continued from previous page
*Pension Comm.*, 750 F. Supp. 2d at 456 n.32.

Insofar as Plaintiffs' cases can be read to limit "in connection with," to class action claims that "sound" in fraud, they conflict with SLUSA's text, the controlling decisions in *Dabit* and *Rowinski*, and Defendants' cited authorities. And none hold that SLUSA preemption could be limited to state law class actions where a misrepresentation or omission is alleged to have preceded and caused a securities transaction.

In *Segal*, the Sixth Circuit likewise recognized that a claimant may not use an amendment to a complaint as a vehicle for circumventing SLUSA.

> Courts may look to — they must look to — the substance of a complaint's allegations in applying SLUSA. Otherwise, SLUSA enforcement would reduce to a formalistic search through the pages of the complaint for magic words — "untrue statement," "material omission," "manipulative or deceptive device" — and nothing more. But [under the statute], *a claimant . . . does not have the . . . authority to disclaim the applicability of SLUSA to a complaint*, [and] *he cannot avoid its application through artful pleading that removes the covered words from the complaint but leaves in the covered concepts.*

*Segal*, 581 F.3d at 310-11 (emphasis added) (citing *Rowinski*). In *Segal*, the plaintiffs attempted to evade SLUSA by filing an amended complaint that not only omitted the words "misrepresentation" and "omission" but also expressly alleged that their state law class action claims for breach of contract and fiduciary duty were not "based upon any misrepresentation or failure to disclose," or fraudulent scheme. *Id.* The court nevertheless found that SLUSA preempted plaintiffs' claims because the gravamen of the amended complaint necessarily implicated misrepresentations and omissions as part of a scheme to funnel trust assets into securities and collect improper fees. 581 F.3d at 310-11.[3]

Plaintiffs argue that leave to amend should be granted in light of *Stoody-Broser v. Bank of America, N.A.*, No. 09-17112, 2011 WL 2181364 (9th Cir. June 6, 2011). Plaintiffs' reliance on that decision is misplaced. First, *Stoody-Broser* is an unpublished memorandum decision that does not have any precedential effect in the Ninth Circuit or any other court. Accordingly, it cannot overrule the Third Circuit's controlling decision in *Rowinski*. Second, Plaintiffs fail to

---

[3]    *See also Siepel*, 526 F.3d at 1127 (same), *aff'g* 239 F.R.D. 558, 570-72 (E.D. Mo. 2006) (denying leave to amend where the proposed complaint simply aimed to "mask" allegations of misrepresentations and omissions) *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1092 (11th Cir. 2002) (SLUSA applied notwithstanding plaintiff's attempt to sanitize the complaint); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879-80 (8th Cir. 2002) (same).

note that *Stoody-Broser affirmed* the district court's primary ruling dismissing Stoody-Broser's original complaint based on SLUSA in light of her express allegations that the bank employed a deceptive and manipulative scheme to steer trust assets into shares of certain mutual funds and collect improper fees for trust and investment management services. That primary holding directly *supports* Defendant's motion here. Third, although the Ninth Circuit gave Stoody-Broser an opportunity to submit an amended pleading, it expressly recognized the "danger of artful pleading" and "d[id] not hold that the removal or the addition of any specific allegation will necessary avoid [SLUSA] preclusion." Thus, the decision makes it clear that SLUSA preempts any amended class action complaint that accuses a bank-trustee of utilizing a deceptive and manipulative scheme to steer trust assets into securities and reap allegedly unlawful trustee and management fees. That too supports Defendants.

**C.    Plaintiffs Fail To State Individual Claims For Breach Of Contract And Fiduciary Duties Against Defendant Wells Fargo Delaware Trust Company.**

Finally, Plaintiffs state that, if the Defendant's motion is granted in full, they would like to drop their class action and proceed with individual claims. This last request is not prohibited by SLUSA, but it should be denied for all the reasons stated in Defendant's opening brief.

*First*, Plaintiffs concede that they cannot state a claim against the Defendant trustee for breach of the Wachovia Securities/Wachovia Capital Markets' buy-back agreements. Pls. Opp. 6. Thus, Count III should be dismissed with prejudice as to the trustee. *Second*, Plaintiffs' fiduciary duty claims should be dismissed because the Complaint does not allege that *the ARS held in the Wilson Trust* were sold by Wachovia Securities or Wachovia Capital Markets and accordingly, does not allege that *the Wilson Trust ARS* were eligible for a buy-back under those entities' agreements. Plaintiffs' assertions that they can state a claim through generalized allegations alone and that Defendant is trying to "trap" them into making SLUSA-triggering

allegations about the purchase of the Trust's ARS are incorrect.  Pls. Opp. 6.  Although the

identity of the entity that sold the Trust's ARS is immaterial to SLUSA, it is *essential* to any

claim based on the trustee's alleged failure to participate in the Wachovia Securities/Wachovia

Capital Markets buy-backs.  Simply put, one cannot seek to return an item to Wal-Mart without

first claiming that Wal-Mart sold it, and the same is true for the Trust's ARS.  Plaintiffs' claims

fail if the Trust's ARS were not sold by Wachovia Securities or Wachovia Capital Markets.

However, Plaintiffs do not and cannot allege that the Trust's ARS were sold by those entities.

Additionally, Plaintiffs have not alleged facts showing that it is improper for a trustee to collect

fees based "on the full par value" of the Trust's ARS.  Thus, Counts I and II should be dismissed

with prejudice.

### III.    CONCLUSION

For the foregoing reasons, the action should be dismissed in its entirety.

Dated:  August 18, 2011                                        Respectfully submitted,

OF COUNSEL:                                                    REED SMITH LLP,

REED SMITH LLP
Mary J. Hackett                                                */s/ Brian M. Rostocki*_____
Sharon L. Rusnak                                               Brian M. Rostocki (No. 4599)
David J. Bird                                                  1201 Market Street, Suite 1500
225 Fifth Avenue                                               Wilmington, DE 19801
Pittsburgh, PA 15222                                           Telephone:  (302) 778-7500
Telephone:  (412) 288-3131                                     Facsimile:  (302) 778-7575
Facsimile:  (412) 288-3063                                     brostocki@reedsmith.com
mhackett@reedsmith.com
srusnak@reedsmith.com
dbird@reedsmith.com

                                                               *Counsel for Defendant Wells Fargo*
                                                               *Delaware Trust Co., N.A.*

## CERTIFICATE OF SERVICE

I, Brian M. Rostocki, hereby certify that on this 18th day of August, 2011, I caused

**DEFENDANT WELLS FARGO DELAWARE TRUST COMPANY'S REPLY BRIEF IN**

**SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT** to

be served on the following counsel of record for Plaintiffs in the manner indicated below:

### VIA CM/ECF AND EMAIL

Richard H. Cross, Jr.
CROSS & SIMON, LLC
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE  19899-1380


*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)